Argued and submitted June 24, affirmed September 21, reconsideration denied
October 28, petition for review denied November 15, 1983 (296 Or 56)

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM DEAN DENDURENT,
*Appellant.*

## (DUC-3776; CA A27002)

669 P2d 361

Roger Hennagin, Lake Oswego, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant appeals his conviction for DUII. He contends that he should have been considered for diversion under ORS 484.445 *et seq.* He assigns as error the trial court ruling that he had the burden to prove his eligibility for diversion by showing that the present DUII offense did not involve "an accident required to be reported under ORS 483.606," the trial court's denial of his petition for diversion and the trial court's enforcement of ORS 484.450(4)(d). He contends that application of that statute violates his rights to equal protection of the law, guaranteed by Article I, Section 20 of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution, and his privilege against self-incrimination, guaranteed by Article I, Section 12 of the Oregon Constitution and the Fifth Amendment to the United States Constitution.

On July 7, 1982, defendant was charged with driving under the influence of intoxicants (DUII), ORS 487.540, and with failure to leave his name and address at the scene of an accident that resulted in property damage. ORS 483.602. Defendant filed a petition for DUII diversion. ORS 484.450(1). The District Attorney contested the petition, ORS 484.450(3), on the ground that defendant had been involved in an accident that had to be reported and, therefore, under the terms of ORS 484.450(4)(d), was not qualified for diversion.

At the hearing on the petition for diversion, the trial court ruled that it was defendant's burden to prove that the accident did not have to be reported under ORS 483.606. Defendant refused to take the stand or present any evidence for the same reasons urged in this appeal. The trial court then denied defendant's diversion petition on the basis of its finding that he had been involved in a property damage accident and had failed to prove that he was not required to report it. ORS 484.450(4)(d). Defendant was convicted of DUII. The complaint charging defendant with failure to report a property damage accident was dismissed. This appeal followed.

ORS 484.450 provides (1) procedures for applying for DUII diversion, (2) the District Attorney's duties in receiving and objecting to petitions and (3) the exceptions to eligibility for diversion. Subsections (3) and (4) of the statute provide:

"(3)   The defendant shall cause a copy of the petition for a driving while under the influence of intoxicants diversion

agreement to be served upon the district attorney or city attorney. The district attorney or city attorney may file with the court, within 12 days after the date of service, a written objection to the petition and a request for a hearing.

"(4)    After the time for requesting a hearing under subsection (3) of this section has expired and no request has been filed, or after hearing requested under subsection (3) of this section, the court may allow a petition for a driving while under the influence of intoxicants diversion agreement unless:

"(a)    Within 10 years before the date of commission of the present offense the defendant was convicted of the offense of driving while under the influence of intoxicants or its statutory counterpart in this state or of the statutory counterpart of that offense in any other state;

"(b)    Within 10 years before the date of commission of the present offense the defendant participated in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program in this state or in any other state;

"(c)    Within 10 years before the date of commission of the present offense the defendant was convicted of any degree of murder, manslaughter, criminally negligent homicide or assault which resulted from the operation of a motor vehicle in this state or of the statutory counterpart of any of those offenses in any other state;

"(d)    The present driving while under the influence of intoxicants offense involved an accident required to be reported under ORS 483.606; or

"(e) The date of the offense for which the agreement is petitioned is earlier than November 1, 1981."

■    ORS 484.450(4) unambiguously confers discretion on the trial court to grant or deny a petition for diversion, unless the defendant is disqualified under one of the exceptions listed in the subsection. *See State v. Wright,* 63 Or App 482, 664 P2d 1131 (1983). Defendant's argument that "all persons are entitled to an initial diversion" is therefore patently incorrect.

■    Equally spurious is defendant's argument that, because the District Attorney typically presents evidence under exceptions (a), (b), and (c), he must therefore present evidence to show that defendant is disqualified under exception (d). In most cases, the information at issue under exception (d) is more accessible to the DUII defendant seeking

diversion than it is to the prosecutor. Neither the statutory scheme of ORS 484.455 *et seq,* nor any other particular statute, compels the conclusion that the district attorney must prove defendant disqualified under exception (d).

■       The trial court is required to exercise its discretion to grant or deny diversion in a principled manner. There was no error, however, in requiring defendant—who had to petition for diversion—to show that he was not disqualified under exception (d) before the trial court decided whether to exercise its discretion to grant diversion.

■       Defendant's second argument, that the trial court's assignment of the burden of proof violates his privilege against self-incrimination, is also without merit. In no sense is defendant "compelled" to petition for, or participate in a diversion program, *compare Williams v. Florida,* 399 US 78, 82-85, 90 S Ct 1893, 26 L Ed 2d 446 (1970); his participation, if allowed, is completely voluntary.

■       In his third and final assignment defendant asserts that ORS 484.450 violates his right to equal protection under the state and federal constitutions. He argues that in light of the primary purpose of the diversion statute—which he asserts is rehabilitation—distinguishing between a DUII defendant who causes $399 property damage and one who causes $401 property damage is irrational.

As the state notes, one of the many problems with defendant's argument is that rehabilitation of potentially reformable first-time offenders is not the only purpose of pretrial diversion statutes. They are also intended to give the criminal justice system an alternative means of dealing with persons charged with driving while under the influence of intoxicants, if they will benefit from diversion, their prior driving record is satisfactory and the consequences to society of their driving are not too great in terms of damage to persons or property. That being one of the purposes of the pretrial diversion statutes, a distinction may be drawn between acts that

society considers too great to permit to go unprosecuted and those that it is willing to tolerate.

Affirmed.[1]

---

[1] Since this case arose, ORS 484.445 has been substantially amended. Or Laws 1983, ch 784. Questions that arose in the present case are answered by those amendments. First, with respect to the burden of proof issue, ORS 484.445(4)(h) now provides that the petition for diversion must include "a sworn statement, as defined in ORS 162.055, by the defendant certifying that the defendant meets the criteria set out in ORS 484.450 to be eligible to enter into the driving while under the influence of intoxicants diversion agreement." Second, with respect to the equal protection issue, the exception precluding participation in a diversion program under ORS 484.450(4)(d) now provides that "the present driving while under the influence of intoxicants offense involved an accident resulting in death or physical injury, as defined in ORS 161.015, to any person, other than defendant." Under ORS 484.445(4)(h) and ORS 484.450(4)(d), the defendant now bears the burden to prove by a preponderance of the evidence that he is not disqualified.