## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN PATRICK McFARLAND,
*Appellant.*

(L82-7335; CA A26888)

669 P2d 341

Wade P. Bettis, Jr., La Grande, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM

## PER CURIAM

■　Defendant appeals his conviction for DUII, raising two issues. He contends that he should have been considered for diversion under ORS 484.445 *et seq.* In support of that contention, he argues on appeal that ORS 484.450(4)(d)[1] violates his right to equal protection of the laws, guaranteed by Article I, section 20 of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution. We addressed and rejected similar equal protection challenges to ORS 484.450(4)(d), in *State v. Dendurent,* 64 Or App 575, 669 P2d 361 (1983).

■　Defendant further contends that ORS 484.450(4)(d) violates federal due process. That contention proceeds from the erroneous premise that ORS 484.445 *et seq,* creates in defendant a liberty interest. It does not.

Affirmed.

-----

[1] ORS 484.450(4)(d) provides in part:

"* * * [T]he court may allow a petition for a driving while under the influence of intoxicants diversion agreement unless:

"* * * * *

"The present driving while under the influence of intoxicants offense involved an accident required to be reported under ORS 483.606 * * *."

ORS 483.606 requires the driver of a vehicle involved in an accident that results in injury or death to any person or damage to property of any one person in excess of $400 to forward a written report of the accident to sheriff, chief of police or other agency, designated by the Motor Vehicles Division to receive them within 72 hours.