Argued and submitted March 21, affirmed April 18, 1984

STATE OF OREGON,
*Respondent,*

*v.*

LINDA MARLENE HUNTER,
*Appellant.*

(8204-0930c; CA A30111)

680 P2d 3

Thomas A. McHill, Lebanon, argued the cause for appellant. With him on the brief was Morley, Thomas, Kingsley & Reuter, Lebanon.

Martha L. Rice, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In her appeal from a conviction for driving while under the influence of intoxicants (DUII), ORS 487.540, defendant is asking this court to remand the case to the trial court for reinstatement of her diversion agreement. ORS 484.445 *et seq.* We decline to do so and affirm.[1]

After her application for diversion was granted, defendant was cited into court on allegations that she had violated her agreement. Through her counsel, she admitted that she had subsequently been arrested for DUII in Sweet Home and that she had refused to take a breath test. The trial court found that the agreement had been violated and thereupon revoked the agreement.

As we held in *State v. Dendurent,* 64 Or App 575, 669 P2d 361, *rev den* 296 Or 56 (1983), the initial granting or denial of diversion is an exercise of the trial court's discretion. However, defendant maintains that the law is unclear "as to the manner with which the trial court, once granting the diversion, can or should revoke the diversion agreement." She contends that the trial court erred in ordering revocation, because (1) the state failed in its burden of initially going forward with evidence to support a revocation, (2) her due process rights were violated, because she was not given a formal hearing on the allegations, and (3) the trial court did not impose a burden of proof on the state. Defendant's arguments are without merit.

A trial court's authority to revoke a diversion agreement is set out in ORS 484.470(3) (*amended by* Or Laws 1983, ch 784, § 5), which provided:

"If the court finds at any time prior to dismissing with prejudice the charge of driving while under the influence of intoxicants that the defendant failed to fulfill the terms of the diversion agreement, it may require the defendant to appear in court, terminate the agreement and continue the offense proceeding."

Defendant's diversion agreement specifically states, in pertinent part:

---

[1] In seeking a new trial, defendant also assigns as error the trial court's admission in evidence of a hospital blood test. The trial court's ruling was correct, and no discussion of the issue is warranted.

"(5) Agrees not to use intoxicants in conjunction with the operation of a motor vehicle and to comply fully with the laws of this state designed to discourage the use of intoxicants in conjunction with the operation of a motor vehicle. The phrase 'in conjunction with the operation of a motor vehicle' has the meaning set forth in (5) on the reverse side of this petition."

In the light of defendant's admission that she refused to take a breathalyzer test after her arrest in Sweet Home, her arguments fail. Condition (5) of the agreement states that defendant must comply with laws to discourage driving under the influence of intoxicants. Clearly, ORS 487.805, the implied consent law, is a law designed to discourage driving while under the influence of intoxicants. Defendant admitted that she had refused to comply with that law. Therefore, she violated a condition of her diversion agreement, and the trial court properly revoked it.

Affirmed.