Argrued and submitted September 28, affirmed December 12, 1984

ERICKSON,
*Respondent,*

*v.*

MUNICIPAL COURT JUDGE
OF CITY OF CORVALLIS,
*Appellant.*

(42403; CA A30712)

692 P2d 628

Richard D. Rodeman, City Attorney, Corvallis, argued the cause and filed the brief for appellant.

Theresa M. Welch, Philomath, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Defendant, a municipal court judge, appeals from a circuit court order issued in a habeas corpus proceeding commenced by plaintiff. The circuit court determined that defendant exceeded his statutory authority by requiring plaintiff to plead guilty to a charge of Driving Under the Influence of Intoxicants (DUII), ORS 487.540, in order to qualify for a diversion agreement under ORS 484.445-484.480[1] and in entering a conviction and sentence on the basis of plaintiff's guilty plea after she had failed to complete the agreement. The issue is whether, before the approval of a diversion petition filed pursuant to ORS 484.450, the trial court may require an applicant for a diversion agreement to enter a plea of "guilty" or "no contest." We conclude that that is beyond the authority of the trial court and affirm.

In April, 1982, petitioner was arrested for DUII. She appeared for arraignment in municipal court and petitioned for diversion. The petition was supported by two affidavits signed by plaintiff. One included statements relevant to ORS 484.450(4). The second contained an acknowledgement by plaintiff of the constitutional rights that she was voluntarily waiving by pleading "guilty" or "no contest" and her recognition of the maximum penalty that could be imposed. The affidavit concludes with her plea of guilty. A municipal court "judgment order" recites that "as a condition for granting the diversion petition, [plaintiff] was required to sign an affidavit in support of a guilty plea, and she did so sign."

In April, 1983, defendant found that plaintiff had failed to comply with the diversion agreement and it was terminated. On the basis of her guilty plea, plaintiff was convicted of DUII and sentenced. Plaintiff petitioned the circuit court for a writ of habeas corpus. A writ was issued, and the circuit court subsequently vacated the municipal court judgment order and set aside the plea.

A diversion agreement is an agreement between the trial court and a defendant charged with DUII. ORS

---

[1] Certain of these statutes were amended by the 1983 legislature. Those amendments have no application in the resolution of this case. Our citations are to the current statutes.

484.460(1). The trial court "shall stay * * * the offense proceeding pending completion of the agreement or its termination." ORS 484.460(2). On successful completion of a diversion agreement, a defendant may move the trial court for an order dismissing the charge with prejudice. ORS 484.470(1). Defendant argues that requiring a plea of guilty or no contest as a condition precedent to a diversion agreement is a permissible exercise of discretion consistent with the purposes of the diversion statutes.[2]

ORS 484.445(1) provides:

> "The court shall inform at arraignment a defendant charged with the offense of driving while under the influence of intoxicants as defined in ORS 487.540 or a city ordinance conforming thereto that a diversion agreement may be available if the defendant meets the criteria set out in ORS 484.450 and files with the court a petition for a driving while under the influence of intoxicants diversion agreement."

An applicant for a diversion program must satisfy the criteria stated in ORS 484.450. *See State v. Wright,* 63 Or App 482, 664 P2d 1131 (1983). Compliance with those criteria, however, is not the end of the inquiry. We said in *State v. Dendurent,* 64 Or App 575, 578, 669 P2d 361 (1983), that "ORS 484.450(4) unambiguously confers discretion on the trial court to grant or deny a petition for diversion, unless the defendant is disqualified under one of the exceptions listed in the subsection * * *." That is, if a petitioner for a diversion comes within one or more of the exceptions, the trial court has no discretion. It must deny the petition. The absence of a plea of guilty or no contest is not among the listed exceptions.

ORS 484.455 provides guidelines for the trial court in determining whether to allow a diversion petition:

> "In making a determination of whether to allow or deny a petition for a driving while under the influence of intoxicants diversion agreement under ORS 484.450, a court:
>
> "(1) Shall consider whether the diversion will be of benefit to the defendant and the community.
>
> "(2) May take into consideration whether there was an

---

[2] The parties do not address potential constitutional consequences of this particular procedure in relation to the voluntariness of a guilty plea and the loss of the right to a trial.

early recognition by the defendant during the proceeding that a course of diagnosis and treatment of problem drinking, alcoholism or drug dependency would be beneficial.

"(3)   May take into consideration whether there is a probability that the defendant will cooperate with the diagnostic assessment and treatment agencies.

"(4)   May take into consideration whether the defendant will observe the restrictions contained in the diversion agreement."

The diversion law was submitted to the 1981 legislature as HB 2010. The initial draft of the bill provided, in part:

"Section 4.(1) *Upon the entry of a plea of guilty or no contest* to a complaint charging the defendant with the offense of driving while under the influence of intoxicants, the defendant may file with the court a petition for a driving while under the influence of intoxicants diversion agreement * * *." (Emphasis supplied.)

After consideration by the House Judiciary Committee, the requirement of a plea of "guilty" or "no contest" was deleted. *See* Testimony before Subcommittee 2 of the House Judiciary Committee, Tape Number H-81-Jud-362 (May 7, 1981). We believe that the legislature framed those matters it considered significant in determining whether a diversion petition should be granted in the terms stated in ORS 484.455. The existence of those express considerations, combined with the fact that the legislature deleted the proposed requirement of a plea of "guilty" or "no contest," is convincing that the legislature did not intend to grant the trial court discretion to *require* such a plea.[3]

As observed by the circuit court judge, the common understanding of diversion is to take a defendant out of a

---

[3] The legislature has provided for diversion after a guilty plea or conviction. ORS 475.245 provides that in certain circumstances when a defendant pleads guilty to or is found guilty of possession of a controlled substances under ORS 475.992(4), the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation. If the defendant then violates a condition of probation, the court may enter an adjudication of guilt. If the defendant fulfills the terms and conditions of the probation agreement, the trial court then discharges the person and dismisses the proceeding against him. Those provisions contrast with the criminal code diversion statutes, ORS 135.881-135.901, which appear to contemplate that, before the acceptance of a guilty plea, the defendant may be diverted.

traditional criminal prosecution. The legislature contemplated that, before a plea, a defendant may be diverted from a pending prosecution and permitted to have the rehabilitative advantages of a diversion agreement. Defendant erred in requiring a guilty plea as a condition precedent to the granting of the petition for diversion.

Affirmed.