## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS AMBROSE,
*Appellant.*

(83-3608; CA A32679)

701 P2d 472

M. Chapin Milbank, Salem, argued the cause and filed the brief for appellant.

Brenda Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

Defendant appeals his conviction for driving under the influence of intoxicants, ORS 487.540, after a trial on stipulated facts. We affirm.

On September 17, 1983, defendant was cited for DUII. The offense involved an accident that was required to be reported under ORS 483.606,[1] because of property damage greater than $400. On October 18, 1983, defendant petitioned the court for diversion under ORS 484.450. The district attorney objected, and after a hearing on the objection the court denied the petition. The sole issue in the hearing and on appeal is whether a 1983 amendment to ORS 484.450 applied to defendant. If the amendment does not apply, defendant admittedly does not qualify for diversion, because he concedes that there was property damage in excess of $400.

At the time defendant committed the offense, ORS 484.450 provided in part:

"(3)  The defendant shall cause a copy of the petition for a driving while under the influence of intoxicants diversion agreement to be served upon the district attorney or city attorney. The district attorney or city attorney may file with the court, within 10 days after the date of service, a written objection to the petition and a request for a hearing.

"(4)  After the time for requesting a hearing under subsection (3) of this section has expired and no request has been filed, or after hearing requested under subsection (3) of this section, the court may allow a petition for a driving while under the influence of intoxicants diversion agreement unless:

"(a)  Within 10 years before the date of commission of the present offense the defendant was convicted of the offense of driving while under the influence of intoxicants or its statutory counterpart in this state or of the statutory counterpart of that offense in any other state;

"(b)  Within 10 years before the date of commission of

---

[1] ORS 483.606 provides, in relevant part:

"(1) The driver of any vehicle involved in an accident resulting in injury or death to any person or damage to the property of any one person in excess of $400 shall, within 72 hours, forward a complete written report of such accident to the sheriff of the county, or to the chief of police of the city in which such accident occurs, or to such other agency as the Motor Vehicles Division may establish for the purpose of receiving such accident reports."

the present offense the defendant participated in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitaton program in this state or in any other state;

"(c)   Within 10 years before the date of commission of the present offense the defendant was convicted of any degree of murder, manslaughter, criminally negligent homicide or assault which resulted from the operation of a motor vehicle in this state or of the statutory counterpart of any of those offenses in any other state;

"(d)   The present driving while under the influence of intoxicants offense involved an accident required to be reported under ORS 483.606; or

"(e)   The date of the offense for which the agreement is petitioned is earlier than November 1, 1981."

The 1983 Legislature amended ORS 484.450(4)(d), eliminating the property disqualification and providing that

"[t]he present driving while under the influence of intoxicants offense involved an accident resulting in the death or physical injury, as defined in ORS 161.015, to any person, other than defendant."

The amendment took effect on October 15, 1983, three days before defendant filed his petition for diversion.

■       It is defendant's position that his eligibility for diversion should be determined by the date of filing of his petition, not the date of the accident. He argues that, because ORS 484.450(4)(a), (b) and (c) have as the determinative date the "date of commission of the present offense" and that language does not appear in ORS 484.450(4)(d), the legislature must have intended a different date for determination of eligibility for diversion when the condition in (4)(d) controls. We are not persuaded by defendant's argument that the different language in the subsections of ORS 484.450 shows a different legislative intent. "The present driving while under the influence of intoxicants offense" language of (4)(d) does not refer to the filing or hearing of the petition but rather to the accident, which would necessarily have taken place on the "date of commission" of the offense. The context of the entire section makes it clear that the determinative date for all disqualification provisions is the date of the violation.

■       Defendant also argues that the diversion statutes do

not grant a "right," *see State v. Dendurent,* 64 Or App 575, 666 P2d 672, *rev den* 296 Or 56 (1983), but rather establish a "procedure" to divert persons from the criminal justice system. Being procedural, he argues, the 1983 amendment to ORS 484.450 should be applied retroactively. We do not agree with defendant's characterization of the amendment. As the state correctly points out, the 1983 amendment is substantive, because certain DUII offenders are now eligible for diversion who previously would have been ineligible. The amendment is substantive, and the trial court did not err in holding that it did not apply to defendant on this charge.[2]

Affirmed.

---

[2] Although defendant may be correct that the amendment shows a legislative intent to expand the category of citizens who might benefit from diversion, we fail to see how such a legislative purpose by itself makes the statute retroactive. The statute does not specify retroactive application, and defendant has not shown that the legislature considered the issue.