Argued and submitted April 27, affirmed June 10, reconsideration denied July 24, petition for review denied August 24, 1987 (304 Or 56)

STATE OF OREGON,
*Respondent,*

*v.*

JAMES NORMAN MAYNARD,
*Appellant.*

(CR6-1336-20; CA A41915)

738 P2d 210

Brian J. MacRitchie, Bend, argued the cause for appellant. With him on the brief was MacRitchie, Petersen & Stiegler, Bend.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

■    Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 813.010. He contends that the trial court erred when it denied his request for diversion. *See* ORS 813.200 *et seq.* The issue is whether defendant's uncounseled entry into a diversion program in 1982 may be used to deny him diversion in this case. We affirm.

In 1982, defendant was charged with DUII. He was not represented by counsel on that charge. His request for diversion was granted. In this 1986 case, his request for diversion was denied. *See* ORS 813.210(4)(b).[1] He was convicted in a stipulated facts trial.

Defendant argues that he may not be denied diversion in this case, because he was not represented by counsel and did not waive his right to counsel in 1982. He argues that the trial court's action violated his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment. He relies primarily on *City of Pendleton v. Standerfer,* 297 Or 725, 688 P2d 68 (1984), and its progeny. We decline to extend *Standerfer's* rationale to the facts of this case.

The cases cited by defendant are distinguishable. In each, an uncounseled defendant was convicted of a crime. It was those uncounseled *convictions* that could not be used to enhance a penalty or deprive the defendants of diversion. In this case, defendant was not convicted of a crime in 1982. He participated in, and completed, a diversion program. The 1982 DUII charge was later dismissed with prejudice. *See former* ORS 484.470.[2]

---

[1] ORS 813.210(4) provides, in relevant part:

"[T]he court may allow a petition for a driving while under the influence of intoxicants diversion agreement unless the court determines, by a preponderance of the evidence, that one or more of the following applies:

"* * * * *

"(b) The defendant is participating, on the date of the commission of the present offense, or within 10 years before the date of the commission of the present offense has participated in a driving while under the influence of intoxicants diversion program or in any similar alcohol or drug rehabilitation program in this state or in any other jurisdiction."

[2] *Former* ORS 484.470(1) provided, in relevant part:

"At any time after the conclusion of the period of a driving while under the

■      "Diversion" under ORS 813.200 *et seq* is a means of deferring and, if completed, ultimately avoiding a criminal prosecution altogether. Eligible persons may seek to obtain it, with or without counsel's advice. *See Erickson v. Municipal Court Judge,* 71 Or App 339, 343-44, 692 P2d 628 (1984); *State v. Dendurent,* 64 Or App 575, 579, 669 P2d 361, *rev den* 296 Or 56 (1983). The effect of defendant's previous participation in a diversion program is not affected by whether or not he acted on counsel's advice. The absence of counsel's assistance in petitioning for diversion does not nullify either the diversion agreement or the later participation in a diversion program. We conclude that the trial court did not err in denying defendant's petition for diversion.

Affirmed.

---

influence of intoxicants diversion agreement described in ORS 484.460, a defendant who has fully complied with and performed the conditions of the diversion agreement may apply by motion to the court wherein the diversion agreement was entered for an order dismissing the charge with prejudice."