Argued and submitted January 26, conviction and order terminating diversion vacated
October 21, 1987

STATE OF OREGON,
*Respondent,*

*v.*

DEBRA KAY VEST,
nka Debra Kay Ashley,
*Appellant.*

(84-8947-K; CA A41188)

744 P2d 288

Ronald C. Becker, Medford, argued the cause for appellant. With him on the brief were William S. Judy and Dumke, Henault & Becker, Grants Pass.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals her conviction for driving under the influence of intoxicants. ORS 813.010. An indigent, she assigns as error that the court denied her request that it appoint counsel to represent her in the diversion termination hearing that preceded her trial. We vacate the conviction and the order terminating diversion and remand for further proceedings.

Defendant was charged with DUII in October, 1984. At that time, the court appointed counsel to represent her. ORS 135.045; ORS 135.050. She pled not guilty and entered diversion. ORS 813.020. The "offense proceeding" was stayed.[1] In September, 1985, the state asked that diversion be terminated, because defendant had failed to pay the diversion fee. ORS 813.250(c). Defendant paid the fee, and the court allowed diversion to continue. In December, 1985, the state again asked that diversion be terminated, because defendant had failed to attend alcohol counseling sessions.

At defendant's request, the attorney whom the court had appointed in October, 1984, moved that the court appoint him as counsel to represent her with respect to the diversion termination. The court denied the motion and terminated diversion without an evidentiary hearing. The court reappointed the attorney for the offense proceeding.[2]

Through the attorney, defendant then moved that

---

[1] ORS 813.230(2) provides:

"A driving while under the influence of intoxicants diversion agreement shall be for a period of one year after the date the court allows the petition. *During the diversion period the court shall stay the driving while under the influence of intoxicants offense proceeding pending completion of the diversion agreement or its termination.*" (Emphasis supplied.)

[2] ORS 813.250(3) provides:

"If the court finds, by a preponderance of the evidence, at any time prior to dismissing with prejudice the charge of driving while under the influence of intoxicants that any of the reasons described in this subsection exist for termination, the court shall require the defendant to appear in court, terminate the agreement and *continue the offense proceeding.* The court may take into account at the time of sentencing any partial fulfillment by the defendant of the terms of the diversion agreement. The court shall terminate a diversion agreement under this subsection for any of the following reasons:

"(a) If the defendant has failed to fulfill the terms of the diversion agreement.

"(b) If the defendant did not qualify for the diversion agreement under the criteria in ORS 813.210." (Emphasis supplied.)

the court reconsider termination, because she had not received an evidentiary hearing, ORS 813.250, and renewed her request for court-appointed counsel. The court ordered:

"THIS MATTER having come before the Court, Defendant represented by [counsel] and the State of Oregon being represented by Assistant District Attorney * * *, and after arguments being heard and good cause appearing thereto,

"IT IS HEREBY ORDERED that the Order Terminating Diversion Agreement shall be reversed and that Defendant * * * shall be allowed an evidentiary hearing on the issue of whether or not she has violated her Diversion Agreement.

"IT IS FURTHER ORDERED that Petitioner shall not be allowed court appointed counsel for that evidentiary hearing."

Defendant then represented herself at the termination hearing and attempted to explain her failure to attend counseling sessions. The court found that she "has failed to complete treatment program" and again ordered diversion terminated. Thereafter, defendant was convicted in a stipulated facts trial, at which her court-appointed attorney represented her.

Defendant claims the right to appointed counsel at the diversion termination hearing under ORS 135.050, Article 1, section 11, of the Oregon Constitution and the Sixth Amendment. The state argues that diversion termination is collateral to the criminal prosecution, involves distinct facts and a civil standard of proof and, therefore, does not require appointment of counsel.

The DUII diversion statute, ORS 813.100 *et seq*, makes no reference to appointed counsel for an indigent defendant. ORS 135.050(4)(a), however, provides that the court shall appoint counsel for an indigent defendant who is "before a court * * * [c]harged with a crime." Appointment of counsel "shall continue during all criminal proceedings resulting from the defendant's arrest through acquittal or the imposition of punishment." ORS 135.050(5). When defendant was before the court at the diversion termination hearing, she was still before the court charged with a crime. Accordingly, under that interpretation, she could have her previously appointed counsel continue to represent her as appointed counsel at the hearing. On the other hand, if the legislature

had intended ORS 135.050 to cover diversion termination hearings, it could have said so specifically, but it did not.[3]

In the light, however, of Article I, section 11, we interpret ORS 135.050 to require that an indigent defendant who wants counsel have the aid of court-appointed counsel in a DUII diversion termination hearing. In *State ex rel Russell v. Jones,* 293 Or 312, 647 P2d 904 (1982), the court stated:

> "Article I, section 11, states that the accused shall have the right 'to be heard by himself and counsel' in 'all criminal prosecutions.' The term 'criminal prosecution' includes sentencing, a stage at which a judicial decision affecting a defendant's future liberty is made. Obviously, then, a defendant is entitled 'to be heard by himself and counsel' at sentencing. A short answer, therefore, is that counsel cannot be excluded from any stage of the criminal prosecution at which a defendant is to be 'heard,' including the sentencing stage, whether this is wholly performed by the judge or shared with nonjudicial persons." 293 Or at 315.

The court said that the protections of Article I, section 11, extend at least to

> "all court proceedings from arraignment through probation revocation * * * where, without the assistance of counsel, the legal interests of the defendant might be prejudiced." 293 Or at 315.

In *State v. Sparklin,* 296 Or 85, 672 P2d 1182 (1983), the court emphasized that a defendant has the right to have counsel present at

> " '[a]ny pre-trial adversarial contact of the state and a defendant at which some benefit of counsel would be lost if counsel is not present, that is, at which the state's case may be enhanced or the defense impaired due to the absence of counsel * * *.' " 296 Or at 94 (quoting *State v. Newton,* 291 Or 788, 802, 636 P2d 393 (1981)).

At the diversion termination hearing, the issue between the state and defendant was whether she had failed to fulfill the diversion agreement. ORS 813.250(3). Both parties

---

[3] ORS 135.050(4) specifically provides for the appointment of counsel for hearings regarding enhanced sentences, extradition and probation. Moreover, ORS 135.896, which applies to diversion from criminal proceedings *other than DUII, see also* ORS 135.886, specifically requires that a defendant enter into that diversion "with the advice of counsel."

could present evidence and cross-examine witnesses. The hearing was adversarial and trial-like. Defendant was presumably without the training, education and skill to cope with the procedures. The hearing could have enhanced the state's case in the subsequent offense proceeding and prejudiced defendant's defense because, in the subsequent proceeding, the state could use evidence obtained at the termination hearing. At the time of sentencing, the court could also take into account that it had been established at the diversion termination hearing that defendant had failed fully to fulfill the terms of the diversion agreement. See ORS 813.250(3).[4] Moreover, the termination hearing was an integral step in the processing of the DUII charge. Faced with the prospect of diversion termination and reactivation of the criminal prosecution, defendant requested that the court appoint the attorney whom it had originally appointed on the DUII charge to represent her in the diversion termination hearing. Under ORS 135.050, the court erred when it denied that request.

Because of our disposition, we do not reach defendant's other arguments.[5]

Conviction and order terminating diversion vacated; remanded for appointment of counsel to represent defendant at diversion termination hearing; if the court finds that diversion should be terminated, the conviction shall be reinstated.

---

[4] ORS 813.250(3) provides, in part:

"The court may take into account at the time of sentencing any partial fulfillment by the defendant of the terms of the diversion agreement."

[5] *State v. Maynard,* 85 Or App 631, 738 P2d 210, *rev den* 304 Or 56 (1987), is not inconsistent with our holding. There, the trial court denied the defendant's petition for diversion, because he had participated in a diversion program within the previous 10 years. ORS 813.210(4)(b). The defendant had entered the earlier diversion without the advice of counsel and asserted that it should not bar his current petition. We ruled that an uncounseled prior participation in diversion could bar a current diversion petition, although an uncounseled prior conviction could not. We said nothing about whether a defendant is entitled to appointed counsel in a diversion termination hearing.