Argued and submitted November 1, affirmed November 21, 2001

In the Matter of the Marriage of

John Kevin COLLINS,
*Respondent,*

*and*

Deborah Mae COLLINS,
*Respondent,*

*and*

THE PONCA TRIBE OF NEBRASKA,
a federally recognized Indian Tribe,
*Appellant,*

*and*

James SMITH
and Mary Ann Smith,
*Respondents.*

CV 97-1177

In the Matter of the Marriage of

Paul Thomas ELMER,
*Respondent,*

*and*

Debbie Mae ELMER,
*Respondent Below,*

*and*

John Kevin COLLINS,
*Intervenor Below.*

CV 93-0162; A109100

35 P3d 339

Brett Kenney argued the cause for appellant. With him on the briefs was Native American Program Oregon Legal Services.

Michael B. Collins filed the brief for respondent John Kevin Collins. With him on the brief was Collins & Collins.

No appearance for respondents Deborah Mae Collins, James Smith, Mary Ann Smith, and Paul Thomas Elmer.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

At issue in this dissolution case is whether the trial court erred in awarding custody of a minor child to her stepfather. The Ponca Tribe of Nebraska (Tribe) intervened in the consolidated proceedings below, arguing that the federal Indian Child Welfare Act, 25 USC § 1901 *et seq.*, applies and requires that custody be awarded to the child's mother. The trial court held that the federal statute does not apply to dissolution proceedings.

The Tribe—and only the Tribe—now appeals, arguing that the trial court erred in concluding that the federal statute does not apply and awarding custody to the child's stepfather. According to the tribe, under federal law, an Indian child must be placed in the custody of the biological parent or an Indian custodian unless there is clear and convincing evidence that such custody is likely to result in serious emotional or physical damage to the child. In this case, the tribe argues, there was insufficient evidence to support the trial court's decision to award custody to stepfather.

Stepfather contends that, among other things, the Tribe's appeal is not reviewable, because it neglected to designate any of the transcript of proceedings below. Because we review child custody matters *de novo*, ORS 19.415(3), he argues, we cannot determine whether the trial court erred in awarding custody to him, even if the federal statute applies.

■        We agree with stepfather. The party asserting a claim of error has the affirmative obligation to provide the appellate court with a record adequate to demonstrate reversible error. *King City Realty v. Sunpace*, 291 Or 573, 582, 633 P2d 784 (1981); *see also York v. Bailey*, 159 Or App 341, 347-48, 976 P2d 1181, *rev den* 329 Or 287 (1999) ("the party seeking a modification or reversal on the basis of the asserted error will have a burden to ensure that the appellate record permits the court to make the determination necessary to award the relief the party seeks").

■        In this case, even assuming for the sake of argument that the Tribe is correct that the federal statute applies, we still must determine, on *de novo* review, whether the award

of custody to stepfather was incorrect. We cannot do that without a record of the facts adduced at trial.

Affirmed.