Argued and submitted July 31, reversed and remanded December 27, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# STEFANI D. GAINO,
*Appellant.*

## 020436M; A123310

149 P3d 1229

John L. Susac, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Julie A. Smith, Assistant Attorney General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals her conviction for driving under the influence of intoxicants (DUII), ORS 813.010, arguing that the trial court erroneously allowed her to proceed without counsel when she petitioned to extend the duration of her diversion program and simultaneously offered a plea of guilty, without the court first determining whether she intelligently and voluntarily relinquished her right to counsel. In addition, defendant asserts that the court erred in denying her motion to reconsider the denial of her petition to extend the diversion agreement. As explained below, we agree with defendant's first argument. We reverse and remand.

Defendant was charged with DUII. On April 15, 2002, defendant entered into a diversion agreement, in which she agreed to complete her diversion program requirements within one year. Under the terms of that agreement, defendant was not required to offer an "up front" guilty plea to the DUII charge. Defendant was represented by counsel when she entered into the diversion agreement.

On March 17, 2003, defendant, appearing *pro se*, filed a petition to extend the duration of her diversion agreement and, as required by ORS 813.225 (2001), *amended by* Or Laws 2003, ch 816, § 6, concurrently filed a petition to enter a guilty plea to the DUII charge.[1] In the plea petition,

---

[1] ORS 813.225 (2001) provided, in part:

"(8) If the court grants the petition for an extension [of diversion] under this section, the court shall accept the plea of guilty filed as part of the petition for an extension but withhold entry of judgment of conviction. If the court extends the diversion period under this subsection, the following apply:

"(a) If the defendant fully complies with the conditions of the diversion agreement within the extended diversion period, the court may dismiss the charge with prejudice under ORS 813.250.

"(b) If the court finds that the defendant failed to comply with the diversion agreement within the extended diversion period, the court shall enter the guilty plea filed as part of the petition for an extension and a judgment of conviction and shall sentence the defendant.

"(9) If the court denies the petition for an extension under this section, the guilty plea filed as part of the petition for an extension may not be used in the proceeding on the charge of driving while under the influence of intoxicants."

The current version of the diversion statutes requires the defendant to enter a plea of guilty or no contest at the time he or she petitions to enter diversion. ORS 813.200(4)(a). If the defendant enters diversion, the court accepts the plea but withholds entry of judgment of conviction. ORS 813.230(1).

defendant indicated that she was not represented by an attorney and wrote her initials next to the following statement:

> "I understand that I have the right to hire an attorney or have the court appoint an attorney to represent me if I cannot afford to hire an attorney.

> "I choose to give up my right to an attorney and I will represent myself."

The petition provided several warnings of the risks and disadvantages of entering a guilty plea and of failing to fulfill the diversion requirements within the diversion period, but it did not include any specific warnings about the risks of self-representation.

On April 3, 2003, the trial court held a hearing on defendant's petitions. Defendant was not represented by counsel at that hearing, and the trial court did not explain to defendant the risks of proceeding without counsel. The court questioned defendant about her reason for seeking an extension of diversion and denied the extension, concluding that defendant had not made a good faith effort to complete diversion within the allotted time. After the court declined to extend the diversion, defendant inquired what would happen next, and the court indicated that the state would "probably file to revoke." Because the court had denied the diversion extension, it did not act on defendant's plea petition. ORS 813.225(9) (2001).

The trial court later appointed counsel for defendant. On May 19, 2003, defendant's counsel filed a motion to reconsider the denial of her petition to extend the diversion agreement. Defendant argued in support of the motion that she had been denied the assistance of counsel with respect to the extension of diversion and had not known that she had the right to counsel in that proceeding. On May 29, the trial court held a hearing on that motion. At the hearing, defendant testified that she had wanted an attorney to help her with the petition to extend diversion but could not afford to hire one. Defendant acknowledged that she generally understood that she had the right to have an attorney represent her in diversion proceedings. However, she stated that she

did not understand that she had the right to appointed counsel at the diversion extension hearing and, therefore, did not ask the court to appoint counsel for her.

The trial court denied the motion to reconsider. The court stated:

> "I'm not going to try and go back and reinvent the wheel in terms of what did or did not happen in that hearing, but [the plea petition] satisfies me that the Defendant was aware of her right to counsel and voluntarily waived that right by signing this document and entering it into the court file.

> "So based on that the Court finds that the motion to reconsider will be denied since it is based on the claim that she did not have access to counsel or did not have effective assistance of counsel by not having an attorney in that case."

On September 18, while represented by counsel, defendant entered a conditional no contest plea to the DUII charge, reserving the right to appeal from the order denying her petition for extension of the diversion agreement and the order denying her motion to reconsider the order denying the extension.

In a separate, but related, assignment of error, defendant now argues that the trial court erred in allowing her to proceed without counsel at the April 3, 2003, hearing without first determining whether she had intelligently and voluntarily waived her right to counsel and in denying her motion to reconsider the denial of her petition to extend the diversion agreement. She asserts that the trial court erred in both respects because she was not adequately informed of the risks of self-representation and, thus, did not intelligently waive the right to counsel in the diversion extension proceeding.

The state makes two basic arguments in response: (1) That defendant did not have a right to counsel at a hearing to extend diversion because it was not a "critical stage" of a criminal prosecution and (2) that, even if defendant did have such right, she validly waived the right to counsel.

To assess the parties' positions here requires us to consider two very basic premises of criminal procedure. First, a defendant has a right under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution to be represented by counsel at critical stages of a criminal proceeding. *See, e.g., State v. Sparklin,* 296 Or 85, 94-95, 672 P2d 1182 (1983) ("Any pre-trial adversarial contact of the state and a defendant at which some benefit of counsel would be lost if counsel is not present, that is, at which the state's case may be enhanced or the defense impaired due to the absence of counsel, may be considered a critical stage of the prosecution at which defendant has a right to the presence of counsel." (Internal citation and quotation marks omitted.)). Second, a criminal defendant may waive the right to be represented by counsel in a criminal proceeding, but the waiver "must be voluntarily and intelligently made." *State v. Meyrick,* 313 Or 125, 132, 831 P2d 666 (1992). The "voluntary" component refers to an intentional act that is not induced through coercion. *Id.* at 132-33 n 8. The "intelligently" component "refers to a defendant's knowledge and *understanding* of the right to counsel." *Id.* (emphasis added). A defendant is said to understand his right to counsel if, considering the "totality of the circumstances," the record reflects that he or she "substantially appreciates the material risks of self-representation." *State v. Jackson,* 172 Or App 414, 423, 19 P3d 925 (2001).

The first question, then, is whether defendant, in fact, had a constitutional right to counsel when she petitioned for extension of her diversion and simultaneously offered a plea of guilty. The state argues that the right to counsel only applies to critical stages of a "criminal prosecution," and that, because the court "stay[s] the proceeding pending completion of the diversion agreement or its termination," ORS 813.230(1) (2001), there was no pending "criminal prosecution" while defendant was on diversion. The state argues that *State v. Vest,* 88 Or App 101, 744 P2d 288 (1987), in which we held that a criminal defendant was entitled to counsel at a diversion termination hearing, is distinguishable. The state argues that a hearing on a state's motion to terminate diversion is qualitatively different from a hearing

on a defendant's motion to extend diversion, taking the position that "much less is at stake, and the context is by its very nature considerably less adversarial."[2]

We disagree, for two reasons. First, it is difficult to perceive the proceeding at issue as anything other than adversarial in light of the fact that the state opposed defendant's motion and sought to move forward with the prosecution. Second, as ORS 813.225(8) (2001) makes clear, a defendant who is petitioning for an extension of diversion *must*, at the same time, file as part of the petition a plea of guilty. It is axiomatic that submission of a guilty plea constitutes a "critical stage" of a criminal proceeding. *See, e.g., Iowa v. Tovar,* 541 US 77, 80, 124 S Ct 1379, 158 L Ed 2d 209 (2004) (citing cases); *Jackson,* 172 Or App at 424 (analyzing whether waiver of right to counsel at a plea proceeding was knowledgeable). While it is true that, under ORS 813.225 (2001), a court might not accept such a plea and that judgment will not be entered on any such plea unless the defendant fails to complete diversion within the extended period, the fact remains that, under this statutory scheme, a petition for extension of diversion requires a defendant to file a plea of guilty. Because of that requirement, we conclude that the hearing on the diversion extension petition was a "critical stage" of the criminal proceeding against defendant.

---

[2] In a memorandum of additional authorities, the state also suggests that, under *State v. Randant,* 341 Or 64, 136 P3d 1113 (2006), the standard for determining the voluntariness of the waiver of the right to counsel is necessarily lower when a defendant is not waiving the right to be represented by counsel "at trial." Thus, the state suggests that a *Meyrick*-type determination of whether a defendant understands the dangers of self-representation is necessary only if a defendant seeks to proceed *pro se* at trial and not if a defendant seeks to proceed *pro se* during any pretrial proceeding. We do not read *Randant* to stand for that proposition. In *Randant,* the question was whether police officers who met with the defendant at his request after he had been indicted for a crime were required to engage in a *Meyrick*-type colloquy with the defendant. *Randant,* 341 Or at 71-73. The court rejected that argument, noting that the issue in *Meyrick* "was the level of knowledge necessary before a defendant could forego representation by counsel at trial and appear *pro se.*" *Randant,* 341 Or at 73. We do not read that language in *Randant* to mean—as the state suggests here—that the court implicitly overruled its decision in *State v. Cole,* 323 Or 30, 912 P2d 907 (1996), in which the court applied *Meyrick* where a defendant attempted to represent himself during a pretrial proceeding. Rather, the court in *Randant* merely described the context of *Meyrick* accurately, then declined to apply its rationale outside of the courtroom context.

■     The next question is whether defendant intelligently and voluntarily waived her right to counsel at that phase in the criminal prosecution. *Meyrick*, 313 Or at 132. Defendant asserts that the trial court failed to determine whether she "intelligently" waived the right to counsel—that is, that she understood the risks of proceeding without counsel—and that nothing in the record establishes that she had such knowledge.

■     A record can reflect that the defendant sufficiently understands the material risks of self-representation in a number of ways. For example, in *Meyrick,* the court held that the defendant understood the risks of self-representation because the record established that he had discussed his case with an attorney, and the attorney had warned him "that his chances of winning his case without counsel were akin to [the attorney's] chances of handling nuclear materials with his bare hands and not being affected." *Meyrick,* 313 Or at 135 (internal quotation marks omitted). In addition to a defendant's prior interactions with attorneys, other relevant circumstances include the defendant's age, education, experience, and mental capacity. *See id.* at 132. The "preferred means of assuring that the defendant understands the risks of self-representation" is "[a] colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation." *Id.* at 133. Although no particular catechism is required, "understanding" for *Meyrick* purposes means more than merely being generally aware that there may be unspecified risks but less than knowing all the potential risks. *Jackson*, 172 Or App at 423. As we explained in *State v. Probst*, 192 Or App 337, 349-50, 85 P3d 313 (2004), *vac'd on other grounds*, 339 Or 612, 124 P3d 1237 (2005), if the court does not engage in a colloquy to determine whether a defendant is aware of the risks of self-representation, then "the state nevertheless can show, under the totality of the circumstances, that the defendant had the requisite understanding." Thus, a defendant demonstrates *prima facie* error by showing that the trial court allowed him or her to proceed at a critical stage without an attorney and did not determine that he or she was aware of the risks of self-representation. The state may overcome that

showing by establishing that the defendant was nonetheless aware of the risks of self-representation. *Id.*

As discussed, the trial court did not determine whether defendant was aware of the risks of self-representation. Thus, defendant has made a *prima facie* demonstration of error. Further, we conclude that the state has not shown that defendant was nonetheless aware of those risks. As noted, the plea petition that defendant filed simultaneously with her petition to extend diversion indicated that defendant was aware that she had a right to an attorney and that she chose "to give up [her] right to an attorney" and represent herself. However, nothing in that petition, in the remainder of the record, or in the transcript from the hearing, indicated that defendant was aware of the risks of self-representation. As to defendant's age, education, experience, and mental condition, some pertinent information can be gleaned from the record: Defendant was 44 years old at the time she submitted the petition for entry of a plea of guilty and had a seventh grade education. From defendant's statement of eligibility for diversion and statements made at sentencing, it appears that defendant had not been convicted of any other DUII offenses. Nothing in the record establishes that defendant had any history in the criminal justice system other than the present case. Testimony by defendant at the hearings indicated that her only source of income was from disability payments and that she believed herself to be mentally disabled. In sum, nothing in the record indicates that defendant was aware of the risks of self-representation.

The state remonstrates that defendant's conviction nonetheless must be affirmed because the record on appeal is insufficient for us to make a determination whether defendant was aware of the risks of self-representation. More specifically, the state argues that, because defendant did not designate as part of the appellate record a transcript of the hearing that was held when she originally entered diversion, she failed to meet her obligation to provide this court with a record adequate to determine whether error occurred. *See Collins and Collins,* 178 Or App 158, 161, 35 P3d 339 (2001) ("The party asserting a claim of error has the affirmative obligation to provide the appellate court with a record adequate

to demonstrate reversible error."). We disagree for two reasons. First, the record indicates that an attorney was appointed to represent defendant on March 21, 2002, and that that attorney was, in fact, present and representing defendant when she originally entered diversion on April 15, 2002. It is difficult to understand how the existence of a hearing at which defendant was represented would shed light on her understanding of the dangers of *not* being represented. Second, as discussed, defendant has demonstrated *prima facie* error—that the trial court allowed her to proceed at a critical stage without an attorney and did not determine whether she was aware of the risks of self-representation. The state, on the other hand, has *not* shown that defendant was nonetheless aware of the risks of self-representation. *See Probst*, 192 Or App at 349-50.

Reversed and remanded.