Submitted August 6; reversed and remanded for resentencing, otherwise affirmed September 1, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL THOMAS BONOME,
*Defendant-Appellant.*

Clackamas County Circuit Court
18CR68659; A173052

497 P3d 824

Kathie F. Steele, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed and remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of felony failure to report as a sex offender, ORS 163A.040(3)(b), and misdemeanor failure to register as a sex offender, ORS 163A.040(3)(a). The trial court imposed a sentence of 10 months' imprisonment followed by two years of post-prison supervision on the felony offense under grid block 6E of the felony sentencing guidelines and a concurrent jail sentence on the misdemeanor offense. On appeal, defendant argues that the trial court erred in two respects: First, it erred in permitting him to waive his right to an attorney at sentencing without conducting a colloquy to ensure that the waiver was knowing and intelligent, and, second, it plainly erred in sentencing him under the wrong grid block on the felony offense. The state concedes that the court plainly erred in using the wrong grid block and suggests that the error obviates the need for this court to address the waiver-of-counsel issue. We agree that the trial court erred and choose to address both assignments of error given the potential relationship between them.

Defendant, who had failed to appear at his originally scheduled sentencing, was arrested on a warrant and brought before the court. The court told defendant he had a constitutional right to an attorney and asked him if he wanted to proceed with sentencing or wanted an attorney to represent him. Defendant asked, "[w]hat's the point?" and the court said "I don't know," adding that the prosecutor would tell the court everything the state thought was important and then defendant would be able to tell the court whatever he thought was important, then the court would pronounce a sentence. The court said that "sometimes, you know, lawyers can be helpful creatures in terms of advocating on your behalf with the State and the Court, all right?" The court also said that in some cases, "it doesn't make a lot of difference, some cases it does," and, if defendant wanted an attorney, the court would appoint one and set the case over for a week. Defendant chose to proceed without an attorney. The prosecutor informed the court that defendant's felony offense fell under grid block 6E under the sentencing guidelines, and the court imposed the sentence under that grid block without objection.

A waiver of counsel at sentencing must be made knowingly and intelligently. "To knowingly waive the right to counsel, a defendant must be aware of the right to counsel and also understand the risks inherent in self-representation." *State v. Easter*, 241 Or App 574, 584, 249 P3d 991 (2011) (citing *State v. Meyrick*, 313 Or 125, 132-33, 831 P2d 666 (1992)). This generally is established through a colloquy between the court and the defendant, and a court's "failure to even mention any of the risks of self-representation, or put on the record any facts indicating that defendant understood the risks, is akin to the circumstances that we have described as *prima facie* error." *State v. Todd*, 264 Or App 370, 380, 332 P3d 887, *rev den*, 356 Or 401 (2014). The court must do more than ensure that a defendant is "generally aware that there may be unspecified risks but less than knowing all the potential risks." *State v. Gaino*, 210 Or App 107, 114, 149 P3d 1229 (2006).

The colloquy described above falls far short of what is required. The court first told defendant that it did not know what the point was of having an attorney at sentencing, then added several remarks to the effect that an attorney sometimes but not always, might be helpful at sentencing. The court failed to identify any of the dangers of self-representation. And immediately thereafter, defendant encountered one of those dangers—the danger that the prosecutor (and ultimately the court) would fail to classify defendant's crime correctly for purposes of sentencing,[1] which resulted in a significant and detrimental error in defendant's sentence that defense counsel could have brought to the court's attention.

Either or both of these errors require resentencing. The grid-block error was unpreserved, but in exercising our discretion to correct unpreserved plain error, we consider the gravity of the error. This was a grave error that resulted in a significant prison sentence. Several other considerations are in play here as well: the "ends of justice in the particular case," and whether the purposes of the preservation rule has

---

[1] The court used grid block 6E, which carries a presumptive sentence of 10 months' imprisonment. The correct classification of the offense is 4 rather than 6, and grid block 4E carries a presumptive sentence of probation.

been served in another way, such as the trial court having been "presented with both sides of the issue and given an opportunity to correct the error." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). But in this circumstance, the latter consideration does not cut against defendant: Had defendant understood the pitfalls of self-representation and opted to be represented by an attorney at sentencing, the court could have been presented with both sides of the issue concerning the appropriate grid block and avoided the error. The ends of justice dictate that these errors should be corrected.

Reversed and remanded for resentencing; otherwise affirmed.