Submitted February 2, affirmed October 18, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER LEE PECK,
*Defendant-Appellant.*

Umatilla County Circuit Court
20CR68327; A176773

538 P3d 1223

Defendant appeals his conditional guilty plea of driving while under the influence of intoxicants. Defendant assigns error to the trial court's denial of his request to enter a diversion program. Defendant argues that his previous entry into diversion was uncounseled and should not preclude him from entering diversion a second time. Defendant contends that the trial court erred in relying on *State v. Maynard*, 85 Or App 631, 738 P2d 210, *rev den*, 304 Or 56 (1987), which rejected a similar argument, because Maynard was decided before entry into diversion required a guilty or no contest plea. *Held*: The Court of Appeals concluded that the trial court did not err in relying on *Maynard* because defendant's prior diversion was successful and did not result in an uncounseled conviction. Thus, the trial court did not err when it determined that defendant was not eligible for diversion.

Affirmed.

Jon S. Lieuallen, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Defendant was convicted pursuant to a conditional guilty plea of driving while under the influence of intoxicants (DUII) in violation of ORS 813.010.[1] On appeal, defendant assigns error to the trial court's denial of his request to enter a diversion program under ORS 813.210(1). He argues that his previous entry into diversion was uncounseled and should not preclude him from entering diversion a second time. Defendant contends that the trial court erred in relying on *State v. Maynard*, 85 Or App 631, 738 P2d 210, *rev den*, 304 Or 56 (1987), which rejected a similar argument, because *Maynard* was decided before entry into diversion required a guilty or no contest plea under ORS 813.200(4)(a). We conclude that the trial court did not err in relying on *Maynard* because defendant's prior diversion was successful and did not result in an uncounseled conviction. Accordingly, we affirm.

We review the denial of defendant's request to enter diversion for errors of law. *State v. Tuter*, 259 Or App 338, 339, 314 P3d 285 (2013). The facts are undisputed and largely procedural.

In May 2006, defendant was charged with DUII. He was not represented by an attorney. He pleaded guilty to the charge, entered diversion, and successfully completed it. In June 2007, based on his successful completion of diversion, his DUII charge was dismissed. Less than 15 years later, in December 2020, defendant was again charged with DUII. He petitioned to enter into a diversion agreement. The state opposed his entry, arguing that defendant was ineligible because he had completed diversion within the preceding 15 years. ORS 813.215(1)(e). Defendant argued that because his prior diversion entry required a guilty plea that was made without the assistance of counsel, he should not be disqualified from reentering diversion. After a hearing, the trial court denied defendant's request for diversion. In its order, the trial court cited *Maynard* and stated that defendant was ineligible because he completed his prior DUII treatment within the last 15 years. Defendant entered a

---

[1] ORS 813.010, and other sections of chapter 813, have been amended since defendant's 2020 arrest and prosecution. Or Laws 2023, ch 498, §§ 3-6, 11-15. Those amendments do not affect our analysis and we refer to the current version of the statute.

conditional plea of guilty to DUII, reserving the right to challenge the court's denial of his motion.

A brief description of the law and procedure governing DUII diversion agreements is helpful to understanding defendant's assignment of error. A person charged with DUII may petition the court for a diversion agreement. ORS 813.210(1). To enter diversion, the defendant must, among other requirements, agree to complete an alcohol treatment assessment program and sign a plea of guilty or no contest. ORS 813.200(4)(a), (b).[2] If diversion is granted, the court will accept the plea but withhold entry of a judgment of conviction. ORS 813.230(1)(a). If the defendant fails to comply with the conditions of the diversion agreement, the court will "terminate the diversion agreement and enter the guilty plea or no contest plea that was filed as part of the petition for the diversion agreement." ORS 813.255(3). However, if a defendant successfully completes diversion, the court may dismiss the charge with prejudice. ORS 813.250(1), (3). A defendant may not enter diversion if the defendant participated in a prior diversion program within the previous 15 years. ORS 813.215(1)(e).

Under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, a defendant has a constitutional right to counsel at all "critical stages" of a criminal prosecution. *State v. Prieto-Rubio*, 359 Or 16, 24, 376 P3d 255 (2016). The submission of a guilty plea constitutes a "critical stage" of a criminal prosecution. *State v. Gaino*, 210 Or App 107, 113, 149 P3d 1229 (2006). Thus, a defendant is entitled to the representation of counsel when entering a plea of guilty or no contest in order to participate in a DUII diversion program. *Id.*

In *Maynard*, 85 Or App at 633-34, we held that the defendant's eligibility for diversion was not affected by the defendant's previous uncounseled entry into diversion because the prior diversion did not result in an uncounseled conviction. At the time *Maynard* was decided, a guilty plea was not required to enter into diversion.

---

[2] The diversion statute, ORS 813.200, was amended in 2003 to require the defendant to plead guilty or no contest to DUII before entering diversion. Or Laws 2003, ch 816, §1.

On appeal, defendant argues that his prior participation in diversion should not render him ineligible for a second diversion because he entered a prior uncounseled guilty plea as part of the diversion process in 2006. He argues that, because he was unrepresented and diversion law now requires an entry of a guilty plea, *Maynard* does not apply, and the prior diversion cannot be used against him in subsequent proceedings.

Defendant is correct that since *Maynard* was decided, defendants are now required to enter a plea of guilty or no contest when entering diversion and are entitled to counsel at that stage. However, we disagree with defendant that *Maynard* is no longer applicable.

The principle underlying *Maynard* is that the successful completion of diversion does not result in a criminal conviction—uncounseled or otherwise. *Maynard*, 85 Or App at 633. *Maynard* states that "uncounseled *convictions* * * * [can]not be used to enhance a penalty or deprive [a] defendant[ ] of diversion." *Id.* (emphasis in original). However, when a defendant successfully completes diversion and the matter is dismissed with prejudice, the defendant has not been convicted and thus has not suffered negative consequences as a result of the denial of counsel. For that reason, we conclude that *Maynard* continues to apply if a defendant successfully completed diversion and the matter was dismissed.

Here, defendant previously entered diversion in 2006, which required entry of a guilty plea. Although he did so without the assistance of counsel, he successfully completed the program. His prior charge was dismissed, and he was not convicted of DUII. There was no uncounseled conviction. Defendant participated in diversion less than 15 years prior to the present offense. Thus, the trial court did not err when it determined that defendant was not eligible for diversion pursuant to ORS 813.215(1)(e).[3]

Affirmed.

_____

[3] Based on our conclusion that defendant is ineligible for diversion under ORS 813.215(1)(e), we do not address or analyze the state's alternative argument regarding defendant's 2006 completion of an alcohol treatment program.