Argued and submitted February 22, reversed and remanded April 28, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# DONALD MASSEY,
*Appellant.*

(86CR0266; CA A96702)

981 P2d 352

Anne Morrison, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this criminal case, defendant represented himself at trial and was convicted of second-degree theft. ORS 164.045. On appeal, defendant argues that his conviction should be reversed because he did not knowingly and voluntarily waive his right to counsel. We agree and, therefore, reverse and remand.

The parties agree that Article I, section 11, of the Oregon Constitution, requires that a defendant's waiver of right to counsel must be made knowingly and that "[a] colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant understand[s] the risks of self-representation." *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992). The court permitted defendant's attorney to withdraw on the day of trial. There is nothing in the record showing that the required colloquy occurred either at trial or at any other stage of the proceedings. The state does not contend otherwise. Nor does the record show that the court discussed the charge and the possible sentences with defendant.

The state argues that this court may infer from the record that defendant understood the risks of self-representation. *See, e.g., State v. Brown*, 141 Or App 156, 917 P2d 527, *rev den* 323 Or 691 (1996) (court was able to infer that, although colloquy on record was insufficient to explain risks of self-representation to the defendant, the record demonstrated that the defendant knowingly waived his right to counsel). In particular, the state relies on evidence in the record that (1) defendant previously had worked as a paralegal, (2) that defendant was involved in several civil lawsuits before the commencement of this case, and (3) that defendant already had been represented by several different lawyers in this case. After careful review of the record, we are unable to conclude that those facts, separately or in conjunction with one another, show that defendant understood the risks of self-representation. As to his previous work as a paralegal, there is nothing in the record that reveals the nature of the work that defendant did in that capacity, the extent to which

it pertained to litigation generally, or the extent to which it pertained to criminal proceedings particularly. Concerning the previous litigation, the fact that defendant has appeared, either *pro se* or represented, in a prior proceeding does not establish that, in this criminal proceeding, he knew of the risks of self-representation. Finally, as to the fact that defendant already had been represented by several lawyers in this case, that prior representation does not establish that anyone told defendant about the risks of representing himself.

Reversed and remanded.