Submitted on record and briefs December 17, 2004, conviction vacated; remanded for new trial March 9, 2005

# STATE OF OREGON,
### *Respondent,*

*v.*

# RICHARD DEWAYNE CULVER,
### *Appellant.*

## 02CR-0223; A118469

108 P3d 104

Andrew S. Chilton and Chilton, Ebbett & Rohr, LLC, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Defendant was convicted of several felonies stemming from an alleged assault. He appealed, arguing that the trial court failed adequately to warn him of the risks inherent in waiving his right to counsel. The state concedes that the record does not demonstrate that defendant's waiver was made knowingly. Thus, the sole issue on appeal is whether we should remand to allow the trial court to conduct an inquiry as to the validity of the waiver or remand for a new trial. Because the waiver resulted in prejudice to defendant, we remand for a new trial.

■ Appellant was indicted for sexual abuse in the first degree, kidnapping in the first degree, burglary in the first degree, assault in the fourth degree, and menacing. All charges arose from an incident on January 31, 2002, in which defendant allegedly used violent means to hold the alleged victim captive in her Coos Bay, Oregon, residence for several hours. The sexual abuse charge was dismissed before trial. Also before trial, defendant elected to waive his right to counsel and proceed *pro se*. The jury acquitted him of kidnapping in the first degree, instead convicting him of kidnapping in the second degree along with all the remaining charges. Defendant filed a timely appeal, arguing that his waiver of counsel was not made knowingly and that the resulting prejudice warranted a new trial. Whether defendant validly waived his right to counsel is a question of law that must be reviewed in the light of the circumstances particular to the case. *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992).

■■ The Oregon Constitution guarantees defendants the right to be represented by counsel. Or Const, Art I, § 11. Although that right may be waived, the decision to proceed *pro se* must be a knowing and voluntary one. *Meyrick*, 313 Or at 132. Although a valid waiver of the right to counsel "does not require a catechism by the trial court," *id.* at 134, "[t]he more relevant information that a trial court provides to a defendant about the right to counsel and about the dangers and disadvantages of self-representation, the more likely it will be that a defendant's decision to waive counsel is an

intentional relinquishment or abandonment of a known right or privilege," *id.* at 133.

■   A "colloquy on the record between the court and the defendant" is the preferred means of ensuring that waiver is knowing and voluntary. *Id.* Although defendant engaged in a colloquy with the court, he argues that the exchange did not adequately inform him of the dangers inherent in self-representation and therefore his waiver was not knowing. The colloquy was as follows:

"[DEFENDANT]:   I'd like to fire Mr. Scannell [appellant's attorney].

"THE COURT:   Well, my understanding is that you have a trial set for Wednesday.

"[DEFENDANT]:   I know. Tomorrow I'll start by myself. I'll represent myself. * * *

"THE COURT:   Okay. Do you understand—and obviously you asked for an attorney and then [the public defender] was appointed. And you understand that at this point it's your desire to proceed in this matter representing yourself?

"[DEFENDANT]:   Oh, yes. I do.

"THE COURT:   And you understand that if you—quite frankly, I mean, if you—if you said, 'I want to fire [the public defender] and I want a new attorney,' that wouldn't have been an option?

"* * * * *

"[DEFENDANT]:   Yes, I can represent myself just fine, sir.

"THE COURT:   The answer [*sic*] is, do you understand you are at a disadvantage if you are not an attorney and you are representing yourself?

"[DEFENDANT]:   Yes, sir.

"THE COURT:   And is it your own free and voluntary decision that you want to represent yourself at trial?

"[DEFENDANT]:   Yes, sir.

"THE COURT:   Okay. Then, I will allow you to do that. [The public defender] will be discharged as your attorney."

The state concedes, based on *State v. Jackson*, 172 Or App 414, 423-24, 19 P3d 925 (2001); *State v. Massey*, 160 Or App 197, 200, 981 P2d 352 (1999); *State v. Kramer*, 152 Or App 519, 524, 954 P2d 855 (1998); and *State v. Chambers*, 150 Or App 336, 340, 946 P2d 300 (1997), that the warnings set out above are "not adequate to demonstrate that defendant understood his right to counsel and knowingly waived that right." The state also concedes that defendant's familiarity with the judicial system and criminal procedure was not sufficient to demonstrate that defendant knew the risks of self-representation. We agree and accept the state's concessions.

Nevertheless, the state argues that a new trial is unnecessary and that, instead, we should remand so the trial court can determine whether defendant adequately understood the risks of self-representation. The state bases its argument on our decision in *State v. Smith*, 190 Or App 576, 80 P3d 145 (2003), *rev allowed*, 337 Or 160 (2004), where we held that a new trial may be granted only if the record establishes that the trial court's error resulted in prejudice to the defendant. Remanding "for a new trial without a showing of prejudice is, in effect, to presume prejudice in substance from proof of error in the procedures designed to protect the substantive right." *Id.* at 580.

In *Smith*, the defendant was represented by counsel. The trial court denied the defendant's request for a new attorney without sufficiently investigating the complaints underlying the request. *Id.* at 578. Thus, the record offered no evidence from which we could evaluate the merits of the defendant's request for new counsel. *Id.* at 580. Nevertheless, the possibility that he was improperly denied access to adequate assistance of counsel precluded us from simply affirming the judgment against him. *Id.*

Granting the defendant a new trial where there was no proof of prejudice would have violated the "harmless error" rule that arises out of Article VII (Amended), section 3, of the Oregon Constitution: "If the supreme court shall be of opinion * * * that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial[.]" Faced with only the *possibility* of

prejudice stemming from procedural errors, and therefore no way of measuring the effect of the error on the verdict, the proper disposition in *Smith* was to "vacate [the] defendant's conviction and remand for the trial court to make the inquiry that it failed to make previously," that is, whether the defendant was prejudiced by the trial court's refusal to grant him new counsel. *Smith*, 190 Or App at 580.

*Smith* involved only the *possibility* of prejudice to the defendant. The record in the present case, however, is replete with *proof* of prejudice to defendant. The representation defendant received by proceeding *pro se* was worse than what he would have received from any competent attorney, thereby likely affecting the verdict and necessitating a new trial. A few examples suffice to demonstrate his inability to mount any sort of reasonable defense.

First, defendant failed to cross-examine witnesses who gave highly damaging testimony against him, including the man who drove the alleged victim from the scene of the incident and later called the police.

Second, although defendant exhibited a flash of competence when questioning the forensic expert who had testified regarding the drugs present in the alleged victim's bloodstream at the time of her post-incident medical examination, defendant's competence related more to the subject matter than to the ability to create doubt in the jurors' minds. Furthermore, when presented with an opportunity to develop an alternative theory as to the source of the bruises shown by the photographs that the expert relied on for other testimony, he failed to do so.

Third, defendant's cross-examination technique (when he chose to cross-examine) was ineffectual at best. Here, he attempts to draw out flaws in the testimony of the alleged victim concerning the details of their encounter:

"[DEFENDANT]: That's not—let's see. Let's do this real easy. You tell me you didn't have sex with me, rough and consensual?

"[THE WITNESS]: It was not rough. No.

"[DEFENDANT]: And you tell me I'm a liar?"

Defendant did begin exploring possible inconsistencies in the alleged victim's testimony in an effort to diminish her credibility; yet, rather than pursuing them, he elected to rely on a tape his private investigator had made, which he assured the court would "blow you away. It's going to change everything." It did not.

Defendant's cross-examination of the alleged victim demonstrates the greatest handicap imposed by his strategy: Defendant focused his effort on addressing the sexual abuse charge, despite the fact that it was dismissed before trial. Thus, he spent the greater part of his energy and ingenuity trying to disprove a point that any lawyer would have known was not at issue and would have tried to conceal from the jury. Indeed, defendant seemed more interested in having the alleged victim charged with perjury and being sent to prison than in addressing the charges against him.

Based on defendant's performance at trial, we conclude that allowing him to proceed *pro se* prejudiced his right to adequate assistance of counsel. Although the prosecution presented substantial evidence of guilt, we cannot conclude that a competent lawyer could not have achieved a better result than defendant achieved on his own. Therefore, because the record does not adequately establish that defendant knowingly waived his right to counsel and because defendant was prejudiced by the waiver, we vacate his conviction and remand for a new trial.

Conviction vacated; remanded for new trial.