Submitted July 11, reversed and remanded December 14, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ZACHARY RYAN REED,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0713875; A143659

268 P3d 756

Kenneth A. Kreuscher and Portland Law Collective, LLP, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment extending his probation after a hearing in which defendant appeared *pro se*, contending that the trial court erred in allowing him to waive counsel without advising him of the risks of representing himself. We conclude that the trial court erred in failing to advise defendant of the risks of self-representation and reverse.

In February 2008, defendant, who was then age 18, pleaded guilty to the crime of contributing to the sexual delinquency of a minor, ORS 163.435, a Class A misdemeanor. Defendant was represented by counsel. The court suspended sentence and imposed 18 months' formal probation, subject to general and special conditions of probation, including a financial obligation and participation in a sex offender treatment package, as determined to be necessary by his probation officer. In April 2008, defendant stipulated at a hearing that he had violated his probation, and probation was continued with an additional condition. Again, defendant was represented by counsel. In June 2009, defendant's probation officer provided a report to the court recommending a six-month extension of probation so that defendant could complete his financial obligation and sex offender treatment.

With his probation set to expire in August 2009, defendant appeared in court on August 24, 2009. Defendant appeared without counsel. The court continued defendant's hearing and extended probation to September 21, 2009.

In September 2009, defendant appeared at a hearing set for the purpose of determining whether defendant had paid his fees and for possible extension of his probation to give him more time to complete sex offender treatment. Again, defendant appeared without counsel. Defendant told the court that he would represent himself. The court and defendant then engaged in this colloquy:

> "[Court:] You have the right to the assistance of an attorney, you know. And you were told before that you had a right to apply for a court-appointed attorney, weren't you?
>
> "[Defendant:] I did.

"[Court:]   And did you apply for one?

"[Defendant:]   I did not.

"[Court:]   Okay. Was that a voluntary decision on your part?

"[Defendant:]   Yes, it was.

"[Court:]   Okay. Anybody make any threats or promises to get you to not seek a court-appointed attorney—

"[Defendant:]   No, Your honor.

"[Court:]   —or not apply for—or not hire your own attorney?

"[Defendant:]   No.

"[Court:]   Okay."

The court then proceeded to hear the probation matter.

Defendant told the court that he had paid his financial obligation in full. The court then asked defendant whether he had completed sex offender treatment, and defendant reported that he had completed 10 months of a two-year program. The court told defendant that it would not find him in violation of his probation, but that it was most important that he complete his treatment. The trial court said that it would extend defendant's probation two years, to September 2011, so that he could complete treatment. The court said:

> "Get the treatment done. I would expect—I can't promise you this, but at least my practice would be that if you write a letter, get a letter from somebody, they'll terminate the probation at that point. So it's really up to you. Just get the treatment done."

The judgment stated that defendant had not violated his probation but the judgment extended defendant's probation until September 2011.

Defendant now appeals, asserting that the trial court erred in allowing him to waive his right to counsel without advising him of the risks of proceeding *pro se*. It is undisputed that defendant was aware of his right to counsel, as well as his right to court appointed counsel if he was indigent.

*Cf. State v. Phillips*, 235 Or App 646, 655, 234 P3d 1030, *modified on recons*, 236 Or App 465, 236 P3d 789 (2010) (record did not show that the defendant knew that he had a right to counsel or a right to court-appointed counsel at restitution hearing). Further, it is clear that defendant's waiver was voluntary. In defendant's view, however, the record does not establish that his waiver was "knowing," because the trial court did not advise defendant of the risks of self-representation and the record does not otherwise show that he understood the risks of self-representation.

As the Supreme Court has held, a probation hearing is a "critical stage" of prosecution to which the counsel guarantees of the Oregon and federal constitutions apply.[1] *See State ex rel Russell v. Jones*, 293 Or 312, 315, 647 P2d 904 (1982) ("[A] criminal defendant's guarantee of the assistance of counsel exists at least at all court proceedings from arraignment through probation revocation as well as all post-indictment out-of-court critical stages where, without the assistance of counsel, the legal interests of the defendant might be prejudiced."). The parties agree that a defendant is entitled to representation by counsel at a probation violation hearing because it is a critical stage in a criminal prosecution.

The right to counsel may be waived, but only if the court finds that the defendant knows of his or her right to counsel and, if indigent, of his or her right to court-appointed counsel, and that the defendant voluntarily and knowingly relinquishes or abandons that right. *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992); *State v. Howard*, 172 Or App 546, 548, 19 P3d 369, *rev den*, 332 Or 305 (2001). *See also* ORS 135.045(1)(c) ("If the defendant wishes to waive counsel, the court shall determine whether the defendant has made a knowing and voluntary waiver of counsel."). Because courts are reluctant to find that fundamental constitutional rights have been waived, "a valid waiver will not be presumed from a silent record." *Meyrick*, 313 Or at 131.

---

[1] Article I, section 11, of the Oregon Constitution provides that, "[i]n all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel." The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the assistance of counsel for his defense."

There is no fixed script to which the trial court must adhere in determining that a defendant's waiver is knowing and voluntary. As the court said in *Meyrick*,

"Article I, section 11, does not require a catechism by the trial court, however, before the right to counsel may be validly waived by a defendant. The failure of a trial court to impart a particular piece of information to a defendant will not, of itself, require reversal of a conviction if the record as a whole shows that the defendant knew of his or her right to counsel and that the waiver of counsel was an intentional relinquishment or abandonment of that known right."

303 Or at 131-34. The record as a whole must reflect that the defendant's waiver was voluntary and knowing. Examination of the record as a whole includes consideration of "the defendant's age, education, experience, and mental capacity; the charge (whether complicated or simple); the possible defenses available; and other relevant factors." *Id.* at 132. In other words, the reviewing court must consider the totality of circumstances in determining whether a defendant's waiver of counsel was voluntary and knowing.[2]

Evidence that a defendant has had prior experience with the criminal justice system can support a finding that the defendant knowingly waived counsel. *State v. Reynolds*, 224 Or App 411, 419, 198 P3d 432 (2008), *rev den*, 346 Or 158 (2009). Also, a defendant's first-hand experience of "some of the basic things that an attorney could do" provides evidence that a defendant understands the risks of self-representation. *Id.*

We recently discussed the "knowing" aspect of waiver of counsel in *State v. Easter*, 241 Or App 574, 249 P3d 991 (2011). In that case, the defendant, a person with considerable experience with the criminal justice system, had participated extensively in the trial of his case, and wanted to discharge his attorney after the state's closing argument in his trial for theft. The trial court told the defendant that discharging his court-appointed attorney would be "a very bad

---

[2] As previously noted, the issue here is whether defendant's waiver of counsel was knowing; there is no dispute concerning the voluntariness of defendant's waiver of counsel.

move," and expressed concerns about the defendant representing himself in light of his poor behavior at the trial. *Id.* at 577. Nonetheless, the court agreed to allow the defendant to make his own closing argument, on the condition that the defendant's court-appointed counsel would stay in the courtroom as a resource for the defendant. The defendant, in fact, consulted his attorney before closing argument, and the attorney also informed the court that the defense had no objections to the jury instructions. The attorney, with the court's permission, then left the courtroom. *Id.* at 579.

On appeal, the defendant contended that the trial court's warning that self-representation was a bad idea was not sufficient to adequately advise the defendant of the risks of self-representation, because the warning did not explain to the defendant why self-representation was a bad idea. We held that, under the totality of the circumstances, including the defendant's extensive experience with the criminal justice system and his active participation with counsel during the previous phases of trial, the record reflected that the defendant understood his right to counsel, and knowingly waived his right to counsel for closing argument under both the Oregon and federal constitutions. *Id.* at 585-86.

Defendant contends that there is nothing in the record in *this* case to indicate that defendant was aware of the pitfalls of self-representation. The state acknowledges that the colloquy between defendant and the court did not specifically address the risks of self-representation. The state contends, however, that the totality of the circumstances discloses that defendant's waiver was, in fact, knowing, because defendant was aware of the risks of self-representation, having been represented by counsel at earlier hearings and having seen firsthand what counsel could do for him. Additionally, the state points out, defendant had previously appeared twice without counsel at probation proceedings. Finally, the state contends that defendant was fairly intelligent and articulate and that the issues presented in this probation proceeding were relatively straightforward. The only questions for the court were whether defendant had paid his fees for sex offender treatment and whether his probation would be extended. The state notes that defendant responded to the

court's questions so that the court could determine the appropriate extension. In other words, in the state's view, the risks of self-representation in these circumstances were minimal, and the court reasonably could determine that defendant was up to the task.

As the Supreme Court said in *Meyrick*, an examination of the record as a whole for purposes of determining a defendant's knowledge includes consideration of "the defendant's age, education, experience, and mental capacity; the charge (whether complicated or simple); the possible defenses available; and other relevant factors." 313 Or at 132. As the court also said, because courts are reluctant to find that fundamental constitutional rights have been waived, "a valid waiver will not be presumed from a silent record." *Id.* at 131. This record approaches silence on the question of defendant's knowledge of the risks of self-representation. In contrast to *Easter*, defendant is young and lacks significant experience with the criminal justice system. *See Easter*, 241 Or App at 576. Unlike in *Easter*, defendant did not see his attorney in action at a trial and did not actively participate or assist. *Id.* at 577. Unlike in *Easter*, the court did not even warn defendant of potential problems with self-representation. *Id.* Unlike in *Easter*, defendant did not have an attorney present in the courtroom to assist him. *Id.* at 578. It is true, as the state asserts, that the issues presented at the probation hearing were straightforward and factually based. However, that is not the test for whether assistance of counsel has been validly waived. If the test was whether the issues are straightforward and are factually based, then *this* probation violation hearing probably would not be considered a critical stage of *this* defendant's criminal prosecution. But that is not the test.

The state further contends that, if the record is not sufficient to demonstrate that defendant was aware of the risks of self-representation, the court should nonetheless reject defendant's contention, because he failed to provide the court with portions of the record necessary for the court to review the matter, including transcripts of two prior proceedings at which defendant had appeared without counsel. The state speculates that, because defendant had appeared without counsel at those two earlier proceedings, "it is entirely

possible that the trial court may have addressed defendant's lack of counsel and discussed the dangers of self-representation with him at one of those proceedings." The state contends that, because it was defendant's obligation to provide the court with portions of the record necessary for it to review whether defendant sufficiently appreciated the risks of self-representation, any shortcomings in the current record should not work in his favor. The state neglects to note that it is the state's burden to establish a valid waiver. *See State v. Miller*, 214 Or App 494, 504-07, 166 P3d 591 (2007), *on recons*, 217 Or App 576, 176 P3d 425, *rev den*, 345 Or 95 (2008), *modified on recons*, 228 Or App 742, 209 P3d 380 (2009) (describing what state must show to establish a valid waiver); *State v. Jackson*, 172 Or App 414, 421, 19 P3d 925 (2001). As importantly, the state ignores the fact that *each* probation violation hearing was a critical stage in defendant's criminal prosecution. We conclude that the record before us does not reflect, based on the totality of the circumstances, that defendant knowingly waived his right to counsel at the probation hearing.

Reversed and remanded.