Argued and submitted October 31, 2012, reversed and remanded April 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NANCY ALICE ERB,
*Defendant-Appellant.*

Curry County Circuit Court
10CR0131; A146224

300 P3d 270

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services.

Christina M. Hutchins, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

DUNCAN, J.

**DUNCAN, J.**

A jury convicted defendant of pointing a firearm at another, ORS 166.190, and menacing, ORS 163.190. Defendant argues that the trial court committed reversible error by allowing her to proceed without counsel.[1] We agree, and, therefore, we reverse and remand.

The relevant facts are procedural and undisputed. On February 19, 2010, defendant was charged with pointing a firearm at another, ORS 166.190; menacing, ORS 163.190; and disorderly conduct in the second degree, ORS 166.025. On February 22, 2010, the trial court ordered appointment of counsel, subject to verification of financial eligibility. By order entered March 1, 2010, the court denied appointment of counsel, checking a box that stated, "Defendant was determined to be financially ineligible for appointed counsel and counsel was not appointed." On March 24, 2010, defendant made her first appearance before the court with retained counsel. On April 20, 2010, defendant entered a plea of not guilty on all charges, again with retained counsel. Defense counsel filed a notice of withdrawal as attorney of record on May 12, 2010.

On June 28, 2010, defendant signed and filed a document entitled "Waiver of Counsel," which stated:

> "I, the Defendant in the above entitled criminal proceedings, having been fully informed of my constitutional rights, including my right to be represented by counsel, and [*sic*] am aware of the help a lawyer might be to me. I hereby knowingly waive (give up) my right to be represented by counsel and I do so freely and voluntarily without any threat, promise or other form of coercion."

Defendant filed a *pro se* motion to compel discovery on June 28, 2010, and argued the motion to the trial court on July 7, 2010. At that hearing, the first at which defendant appeared *pro se* after the withdrawal of her attorney, the court did not question her on her waiver of counsel. The court explained to defendant that she had not properly served her motion to

---

[1] In her second assignment of error, defendant argues that the trial court erred in ordering a fine of $750 for the unclassified misdemeanor of pointing a firearm at another, which carries a maximum fine of $500. ORS 166.190. Because we reverse and remand on defendant's first assignment of error, we need not reach her second.

compel discovery on the state. The following exchange then occurred between defendant and the trial court regarding defendant's lack of counsel:

"[DEFENDANT]: Did anyone let you know that I was going without an attorney?

"THE COURT: It's quite clear to me that you are going without an attorney. Also you had indicated the same in your affidavit in support of your motion, or—or maybe it was in the motion itself.

"[DEFENDANT]: I just wasn't aware of—

"THE COURT: You may be at a disadvantage without a lawyer.

"[DEFENDANT]: I may be.

"THE COURT: That's unfortunate.

"[DEFENDANT]: I've been studying on it very hard, and I do have a friend that's a paralegal."

The trial court granted defendant's motion to compel but denied her oral requests for additional discovery.

Defendant represented herself at a brief case management hearing on July 12, 2010. On July 14, 2010, defendant appeared for trial without counsel. Before trial began, the trial court denied several outstanding motions from the state, defendant, and the victim. At the conclusion of the trial, the jury found defendant guilty of menacing and pointing a firearm at another. The court found defendant not guilty of disorderly conduct in the second degree.

Now represented by appellate counsel, defendant argues that she did not validly waive her right to counsel under either Article I, section 11, of the Oregon Constitution[2] or the Sixth Amendment to the United States Constitution,[3] and that the trial court erred in allowing her to proceed without having done so. Defendant asserts that the "boilerplate"

---

[2] Article I, section 11, of the Oregon Constitution provides, in relevant part, "In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel[.]"

[3] The Sixth Amendment to the United States Constitution provides, in relevant part, "In all criminal prosecutions, the accused shall *** have the Assistance of Counsel for his defence."

waiver that she signed did not specify the extent of her knowledge of her constitutional rights; the source of her knowledge of those rights; or her particular background, experience, or conduct before the court. Thus, according to defendant, the trial court could not conclude, from that document alone, that defendant had validly waived her right to counsel.

The state counters that the record shows that defendant knew of her right to counsel and intentionally and knowingly relinquished that right. The state concedes that the trial court's brief colloquy with defendant is not sufficient to establish that defendant understood the risks of self-representation. However, the state emphasizes that, although a colloquy on the record is the preferred method of assuring that a defendant understands the risks of self-representation, it is not required. *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992). The state characterizes defendant as a 53-year-old, articulate, highly educated nurse practitioner who runs her own business. Thus, according to the state, there is no reason to believe that she did not understand the written waiver of counsel that she signed. Moreover, because defendant was represented by retained counsel at two pretrial hearings, the state argues that she understood the services provided by an attorney. Finally, the state argues that the discussion between defendant and the trial court during the pretrial hearing on defendant's motion to compel on July 7, 2010, served to illustrate to defendant the disadvantages of self-representation. In the totality of the circumstances, argues the state, the trial court did not err in concluding that defendant had voluntarily and intelligently waived her right to counsel.

Whether a defendant validly waived the right to counsel is a question of law that we review in light of the circumstances particular to each case. *State v. Culver*, 198 Or App 267, 269, 108 P3d 104 (2005) (citing *Meyrick*, 313 Or at 132). Because it is dispositive, we address defendant's argument under Article I, section 11, of the Oregon Constitution first. [4]

---

[4] Although the parties focus their arguments on whether the trial court erred under the state and federal constitutions, we typically begin our analysis by determining whether a case may be resolved on subconstitutional grounds. *Zockert*

Under Article I, section 11, a criminal defendant has the right to be represented by counsel at all critical stages of a criminal proceeding. Or Const, Art I, § 11; *State v. Sparklin*, 296 Or 85, 94-95, 672 P2d 1182 (1983) (quoting *State v. Newton*, 291 Or 788, 802-03, 636 P2d 393 (1981)). Any stage of a prosecution at which a defendant has a constitutional right to be "heard" constitutes a critical stage of the prosecution. *State v. Phillips*, 235 Or App at 652. In this case, defendant was not represented by counsel at pretrial hearings on the admissibility of evidence, trial, and sentencing, all of which are critical stages of a prosecution. *See State ex rel Russell v. Jones*, 293 Or 312, 315, 647 P2d 904 (1982) (Under Article I, section 11, "counsel cannot be excluded from any stage of the criminal prosecution at which a defendant is to be 'heard,' including the sentencing stage, whether this is wholly performed by the judge or shared with non-judicial persons."). A defendant may waive the right to be represented by counsel in a criminal proceeding, but the waiver "must be voluntarily and intelligently made." *Meyrick*, 313 Or at 132. "Voluntarily" refers to the fact that the waiver is an intentional act that is not coerced. *Id.* at 132 n 8. "Intelligently" "refers to a defendant's *knowledge and understanding* of the right to counsel." *Id.* (emphasis added).

Defendant does not argue that her waiver was coerced, and there is no evidence to suggest that it was involuntary. Therefore, we address only whether the record establishes that defendant's waiver was intelligently made. More specifically, because there is no dispute that defendant *knew*, at least in a general sense, of her right to counsel, we address whether the record establishes that defendant *understood* that right.

*v. Fanning*, 310 Or 514, 520, 800 P2d 773 (1990). ORS 135.045, which defendant cites in her brief, governs the appointment and waiver of counsel in a criminal action. Neither the Oregon Supreme Court nor this court has interpreted the current text of that statute, which appears to impose on the trial court obligations similar to those imposed under the state and federal constitutions when a defendant wishes to waive the right to counsel. *State v. Phillips*, 235 Or App 646, 651-52, 234 P3d 1030, *modified on recons*, 236 Or App 465, 236 P3d 789 (2010). Given that apparent similarity and the absence of any argument by defendant that ORS 135.045 would provide her with broader protection than that provided by the constitutional provisions, we express no opinion on the meaning of ORS 135.045.

A defendant is said to understand his or her right to counsel if, considering the "totality of the circumstances," the record reflects that he or she "substantially appreciates the material risks of self-representation in his or her case." *State v. Jackson*, 172 Or App 414, 423, 19 P3d 925 (2001). A defendant's understanding of the right to counsel "means more than merely being generally aware that there may be unspecified risks [to self-representation] but less than knowing all the potential risks." *State v. Gaino*, 210 Or App 107, 114, 149 P3d 1229 (2006). In other words, it is not required that a defendant "know and completely appreciate every potential risk of self-representation in his or her case," but "a defendant's abstract knowledge that there may be risks or disadvantages of self-representation, without any appreciation of what those risks might be, is insufficient." *Jackson*, 172 Or App at 423.

> "A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant understand the risks of self-representation. The more relevant information that a trial court provides to a defendant about the right to counsel and about the dangers and disadvantages of self-representation, the more likely it will be that a defendant's decision to waive counsel is an intentional relinquishment or abandonment of a known right or privilege and that the record will so demonstrate."

*Meyrick*, 313 Or at 133. However, Article I, section 11, "does not require a catechism by the trial court * * * before the right to counsel may be validly waived by a defendant." *Id.* at 134.

"[A] defendant demonstrates *prima facie* error by showing that the trial court allowed him or her to proceed at a critical stage without an attorney and did not determine that that he or she was aware of the risks of self-representation." *Gaino*, 210 Or App at 114; *see also Meyrick*, 313 Or at 133 ("[A] trial court may accept a defendant's proffered waiver of counsel only if it finds that the defendant knows of his or her right to counsel and, if indigent, of his or her right to court-appointed counsel, and that the defendant intentionally relinquishes or abandons that right."). The state may overcome that *prima facie* showing by establishing that, in the

totality of the circumstances, the defendant was nonetheless aware of the risks of self-representation. *Gaino*, 210 Or App at 114-15.

Neither defendant's written waiver, nor her brief conversation with the court regarding the fact that she was proceeding *pro se*, was sufficient to allow the trial court to conclude that defendant adequately appreciated the risks of self-representation. We first examine the written waiver that defendant executed on June 28, 2010. The waiver states, "[I] am aware of the help a lawyer might be to me." However, it does not offer any specific illustrations of how an attorney could be helpful. Nor does it describe any of the ways in which defendant might be disadvantaged by representing herself. *Cf. Gaino*, 210 Or App at 114 (general awareness of risks of self-representation is insufficient for a valid waiver of right to counsel). The trial court could not have found, based on defendant's written waiver alone, that defendant understood the right to counsel.

We turn to the July 7, 2010, hearing at which the trial court allowed defendant to proceed *pro se*. At that hearing, the trial court told defendant that she had not properly served her motion to compel discovery on the state. Defendant explained that her failure to properly serve the motion was due to the fact that she was *pro se*, and the court replied that it was aware of that fact. The court then said, "You may be at a disadvantage without a lawyer." Defendant replied, "I may be." The court said, "That's unfortunate." The trial court's comment regarding the disadvantages of self-representation was extremely general. The court did not offer any warnings regarding the specific risks of self-representation, nor did it ask defendant any questions that would have revealed the extent of defendant's knowledge of those risks. The court's statement that defendant "may be at a disadvantage without a lawyer" and defendant's acknowledgement that she "may be" do not demonstrate that defendant adequately understood her right to counsel. *See, e.g., Culver*, 198 Or App at 270-71 (colloquy in which the trial court asked the defendant whether he understood that he was "at a disadvantage" was insufficient under *Meyrick*); *State v. Meyer*, 116 Or App 80, 84, 840 P2d 1357 (1992) (trial

court's warning to *pro se* defendant that jury trials are "kinda tricky" did not adequately inform the defendant of the risks of self-representation). The trial court thus allowed defendant to proceed at a critical stage without determining that she "substantially appreciate[d] the material risks of self-representation." *Jackson*, 172 Or App at 423. We therefore conclude that defendant has demonstrated *prima facie* error by the trial court.

We now consider whether the state has overcome defendant's *prima facie* showing of error by demonstrating that, in the totality of the circumstances, defendant substantially appreciated the material risks of self-representation and nevertheless knowingly waived her right to counsel. Circumstances relevant to whether a defendant's waiver of counsel was "knowing" include, *inter alia*, the defendant's age, education, experience, mental condition, the nature of the charge, and possible defenses. *Meyrick*, 313 Or at 132; *State v. Lasarte*, 203 Or App 222, 225, 125 P3d 33 (2005). The state argues that defendant's age, education and licensure as a geriatric nurse practitioner, ability to run her own business, and coherence before the court allowed the court to determine that defendant understood the disadvantages of representing herself. Those characteristics may demonstrate that defendant was intelligent and capable in her profession, but they do not demonstrate that defendant had any experience in the law or in the criminal justice system in particular. Although, as an educated person, defendant might have had a general understanding of the role of counsel, such a general understanding is insufficient to support a waiver. *Jackson*, 172 Or App at 423 ("[A] defendant's abstract knowledge that there may be risks or disadvantages of self-representation, without any appreciation of what those risks might be, is insufficient.").

On that point, *State v. Massey*, 160 Or App 197, 981 P2d 352 (1999), is instructive. In *Massey*, the state made an argument similar to the one it makes here; it asserted that, although the trial court had not discussed the risks of self-representation with the defendant, we could infer from the record that the defendant understood those risks,

given that the defendant (1) had previously worked as a paralegal, (2) had been involved in several lawsuits before the commencement of the prosecution, and (3) had already been represented by several different lawyers during the prosecution. *Id.* at 199. We rejected the state's argument, concluding that the facts it identified did not, either individually or collectively, show that the defendant understood the risks of self-representation. *Id.* We explained:

> "As to his previous work as a paralegal, there is nothing in the record that reveals the nature of the work that defendant did in that capacity, the extent to which it pertained to litigation generally, or the extent to which it pertained to criminal proceedings particularly. Concerning the previous litigation, the fact that defendant has appeared, either *pro se* or represented, in a prior proceeding does not establish that, in this criminal proceeding, he knew of the risks of self-representation. Finally, as to the fact that defendant already had been represented by several lawyers in this case, that prior representation does not establish that anyone told defendant about the risks of representing himself."

*Id.* at 199-200. Here, as in *Massey*, the characteristics of defendant cited by the state do not show that defendant actually understood those risks when she waived her right to counsel.

The state also contends that the fact that defendant was represented by counsel for approximately two months during the pretrial stages of the proceedings allowed the trial court to infer that she understood the benefits of counsel and the disadvantages of self-representation. We have rejected that argument in similar cases. As set out above, in *Massey*, we observed that the fact that the defendant had been represented by counsel did not establish that anyone had ever informed him of the risks of self-representation. Similarly, in *Lasarte*, 203 Or App at 229, we noted that the defendant "had never participated as a party in a trial—civil or criminal—and, therefore, may not have had the opportunity to observe what a lawyer could do for him at trial," and there was "no evidence that the attorney who represented [the] defendant up until the morning of trial warned him of the risks of self-representation."

Under certain limited circumstances, a defendant's prior experience with the criminal justice system or experience being represented by counsel can support a finding that the defendant understood the risks of self-representation. For instance, in *State v. Easter*, 241 Or App 574, 584-85, 249 P3d 991 (2011), we held that the trial court did not err in allowing the defendant to proceed without counsel. In *Easter*, the defendant had extensive experience with the criminal justice system, including 15 convictions, at least one of which had gone to trial. The defendant obtained state-appointed counsel, who represented him throughout trial, until the defendant moved to discharge him after the state's closing argument. The trial court warned the defendant that he might make legally significant mistakes during the closing argument; the court also warned the defendant that he would not be permitted to misbehave, as he had done throughout the trial. The trial court then convinced the defendant to allow his attorney to remain as a legal advisor. We held that the trial court did not err in allowing the defendant to proceed without counsel because the record reflected that the defendant understood the risks of representing himself. *Id*. at 585. *Contra State v. Reed*, 247 Or App 155, 162-63, 268 P3d 756 (2011) (distinguishing *Easter* and holding that the defendant's prior representation by counsel, in combination with other factors, did not indicate that the defendant knowingly waived his right to counsel at a probation violation hearing).

Here, in contrast to *Easter*, there is no evidence in the record that defendant had prior experience with the criminal justice system. Furthermore, unlike in *Easter*, defendant did not have the opportunity to observe her counsel in action for the majority of the trial. Perhaps most critically, unlike in *Easter*, defendant here did not have the benefit of a conversation with the court in which the court warned her of specific disadvantages to representing herself. *Contra Easter*, 241 Or App at 585. Thus, in contrast to *Easter*, defendant's prior representation does not support a finding that defendant understood the risks of self-representation.

The state has failed to establish that, in the totality of the circumstances, defendant knowingly waived her right

to counsel. We therefore conclude that, under the Oregon Constitution, the trial court erred in allowing defendant to proceed without counsel.[5] That error would not require reversal, however, if it were harmless. "Error is harmless if there is little likelihood that it affected the outcome in this case[.]" *State v. Cole*, 323 Or 30, 36, 912 P2d 907 (1996). "Where we are unable to determine what the outcome of a case would have been if the defendant had been represented by counsel instead of proceeding without counsel, the error is not harmless." *Phillips*, 235 Or App at 656. Here, because we are unable to tell what the outcome of defendant's case would have been if she had been represented by counsel, we conclude that the trial court's error in allowing defendant to proceed without counsel was not harmless.

Reversed and remanded.

---

[5] Because we conclude that defendant did not validly waive her Article I, section 11, right to counsel, we do not need to, and do not, reach her argument that she did not validly waive her Sixth Amendment right to counsel.