Argued and submitted August 5, 2020, affirmed March 23, petition for review denied July 7, 2022 (370 Or 56)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES EDMUND GREELEY,
*Defendant-Appellant.*

Jefferson County Circuit Court
16CR55731; A169128

508 P3d 33

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants and reckless driving. He argues that the trial court erred in refusing to appoint a fourth substitute counsel for him without first obtaining a knowing and intelligent waiver of counsel, and in admitting at trial defendant's refusal to submit to a breath test. *Held*: Any error of the trial court in refusing to appoint substitute counsel without first obtaining defendant's waiver of counsel did not rise to the level of constitutional error and was otherwise harmless because defendant was represented by retained counsel at his trial. The trial court did not plainly err in admitting defendant's refusal to submit to a breath test.

Affirmed.

Daniel Joseph Ahern, Judge.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants and reckless driving. Defendant asserts two assignments of error. In the first, he argues that the trial court erred in refusing to appoint a fourth substitute counsel for defendant without first obtaining a knowing and intelligent waiver of counsel from him. In the second, defendant asserts that the trial court plainly erred, under *State v. Banks*, 364 Or 332, 434 P3d 361 (2019), in admitting at trial defendant's refusal to submit to a breath test. We reject defendant's second assignment without discussion, because it does not constitute plain error. *State v. Smith*, 302 Or App 787, 792, 462 P3d 310, *rev den*, 366 Or 731 (2020). As explained below, we also reject defendant's first assignment on the basis that any error did not rise to the level of constitutional error and was otherwise harmless, because defendant was represented by retained counsel at his trial.

The facts relevant to our discussion are procedural and undisputed. At his arraignment, in September 2016, defendant requested court-appointed counsel and the court determined that he was eligible and appointed counsel. Defendant was represented by that attorney at a hearing on defendant's motion to suppress. In September 2017, defendant's first appointed counsel moved to withdraw from representing defendant at defendant's request. The court granted that request and appointed new counsel for defendant. In May 2018, defendant's second appointed counsel moved to withdraw from representing defendant, again at defendant's request. The court granted that request and again appointed new counsel, who worked with the same public defense group as the second appointed attorney. Within a few weeks of that appointment, defendant's third counsel moved to withdraw based on an ethical conflict and informed the court that there were no other attorneys in the public defense group who could represent defendant. At the hearing on that motion to withdraw, the court allowed counsel to withdraw and engaged in a colloquy with defendant. The court informed defendant that "[y]ou've run out of eligible court-appointed attorneys" and asked whether

defendant intended to hire an attorney or proceed with representing himself. Defendant ultimately responded that, "[i]f you don't have any remaining attorneys, I'm left with hiring my own attorney." The court set an appearance date to give defendant an opportunity to review the file that counsel provided to him and so that he could inform the court whether he was going to hire an attorney.

At the next appearance, defendant represented himself, asserted his right to counsel, and requested that the court appoint him a new attorney. After a discussion, the court told defendant that his request for another appointed attorney had already been denied and that the hearing was to set a trial date. Defendant informed the court that he was going to meet with an attorney the next week. The court set the matter over for another status hearing. At that hearing, defendant informed the court that his meeting with the attorney had been rescheduled. The court then set the trial date for one month out from the date defendant had scheduled to meet with his attorney. Defendant informed the court that that would give him enough time to contact his witnesses. At the pretrial readiness hearing, defendant's retained counsel advised the court that he was ready for trial. At trial, defendant's attorney cross-examined the state's two witness but did not call any defense witnesses.

On appeal, defendant argues that the trial court violated Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution when it failed to appoint substitute counsel without first obtaining a knowing and intelligent waiver from defendant of his right to counsel. Defendant further argues that the state constitutional error was not harmless because the record does not demonstrate whether defendant's compelled choice of retained counsel affected the verdict. Defendant argues that, here, defense counsel did not present witnesses or a defense expert, and we cannot determine whether that was from a lack of funds, which defendant may have had access to with appointed counsel. Similarly, defendant argues that the federal constitutional error was structural error because it is impossible to evaluate the effect of the error on the case, requiring reversal for a new trial.

The state responds that there was no error or, if there was any error, it was harmless because the record reflects only that defendant was represented by counsel at every critical stage of the proceedings and that nothing in the record suggests that any of those lawyers were unqualified, unprepared, or representing defendant over his objection. As a result, the state argues that defendant was not denied his right to counsel. In addition, even if any error occurred, the state argues that it was harmless and not structural error, because defendant cannot show that he suffered prejudice by being represented by counsel of his own choosing.

We first emphasize that the error that defendant claims on appeal is that the trial court's failure to obtain a waiver from defendant of his right to counsel was necessarily a violation of Article I, section 11, and the Sixth Amendment. However, defendant was represented by either appointed or retained counsel at all critical stages of the proceedings; that is, his *constitutional* right to be represented by counsel ultimately was not violated. *See, e.g.*, *State v. Erb*, 256 Or App 416, 421, 300 P3d 270 (2013) (the right to counsel under Article I, section 11, includes the right to be represented by counsel during all critical stages of a criminal proceeding, unless the defendant voluntarily and intelligently waives that right); *see also Montejo v. Louisiana*, 556 US 778, 786, 129 S Ct 2079, 173 L Ed 2d 955 (2009) (same principle applies under the Sixth Amendment). Thus, to the extent that the trial court here erred in not obtaining a waiver from defendant, it did not rise to the level of a constitutional violation under the circumstances of this case. In addition, even assuming that the trial court erred in failing to appoint a fourth attorney to represent defendant, any such error was harmless under both the state and federal constitutions.

We begin our discussion with the Oregon Constitution. Error is harmless if there is "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Here, defendant argues that the alleged error in not appointing another attorney is not harmless because we cannot tell whether the scope of his

hired representation was deficient in some respects as compared to the scope of representation defendant would have received from a court-appointed attorney. Defendant argues that we should apply the same harmlessness standard in this case that we apply when a defendant is forced to proceed *pro se* without the court obtaining a proper waiver of the right to counsel. *See, e.g.*, *State v. Haines*, 283 Or App 444, 454, 388 P3d 365 (2017) (not obtaining a valid waiver from a defendant who proceeds without counsel "is not harmless if, on review, we are unable to determine what the outcome would have been if the defendant had been represented by counsel" (internal quotation marks omitted)).

We reject defendant's framing of our inquiry. The risks attendant to a defendant representing himself *pro se* are not present when a defendant is represented by counsel— whether that counsel is retained or court appointed. To apply the same type of analysis in these circumstances would completely ignore that reality, and we decline to do that. Here, defendant was represented by counsel at every critical stage in these proceedings, and defendant does not argue otherwise. Also, defendant's suggestion that a lack of funds could have harmed him in his defense is mere speculation. As the state points out, neither defendant nor his trial counsel raised at any time with the court that defendant's lack of funds hindered his defense at trial, nor did they request any indigent services or funding to aid in the defense. The record shows that defendant's trial counsel put on a defense at trial; the decision by trial counsel to not call defense witnesses was equally as likely, if not more likely, to have been a strategic decision than a decision based on a lack of funds. The only actual harm that we can identify on this record is that, presumably, defendant had to pay for his retained attorney. That, however, is not the type of harm to which the harmless error standard speaks. Because there is little likelihood that the *particular error* affected the verdict, we reject defendant's argument under Article I, section 11.

We also reject defendant's argument that the alleged error here qualifies as structural error under the Sixth Amendment. We agree with the state that *United States v. Gonzalez-Lopez*, 548 US 140, 126 S Ct 2557, 165 L Ed

2d 409 (2006), does not apply. In that case, the Court concluded that denial of a defendant's right to counsel of choice under the Sixth Amendment was structural error, requiring reversal. *Id.* at 150-51. Defendant, however, was not denied his counsel of choice—an unnamed and unknown-to-defendant court-appointed counsel is not "counsel of choice," as discussed in *Gonzalez-Lopez*. Counsel of choice is a particular named counsel that a defendant wishes to represent him. *See id.* at 142-43 (involving a circumstance in which the district court denied *pro hac vice* admission for the out-of-state attorney that the defendant wished to have represent him and prohibited the out-of-state attorney from assisting in the proceedings or contacting the defendant). Further, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Id.* at 151. Defendant does not explain why the counsel of choice structural error analysis should apply when what he argues is that the court should have appointed a fourth court-appointed attorney, a circumstance in which defendant decidedly did not have the right to counsel of choice. We also do not discern from the federal denial of counsel cases a basis on which to reverse based on structural error; as explained above, defendant was not denied counsel at any critical stage of the proceedings and, thus, the court's failure to obtain a waiver of the right to counsel from defendant was not a constitutional error. *Cf., e.g.*, *Satterwhite v. Texas*, 486 US 249, 256, 108 S Ct 1792, 100 L Ed 2d 284 (1988) (explaining that "[s]ome constitutional violations, however, by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless. Sixth Amendment violations that pervade the entire proceeding fall within this category."). Thus, applying the usual federal harmless error test to the assumed error the trial court made in not appointing a fourth attorney, we conclude for the same reasons already stated that any error here was harmless beyond a reasonable doubt. *See id.* (stating the rule that, "if the prosecution can prove beyond a reasonable doubt that a constitutional error did not contribute to the verdict, the error is harmless and the verdict may stand").

Affirmed.